Jeffrey FRANK, petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. 82–892.

Supreme Court of Minnesota.

Nov. 24, 1982.

C. Paul Jones, Public Defender, and Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Div., Thomas A. Weist, Rick Osborne and Beverly J. Wolfe, Asst. County Attys., Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Jeffrey Frank, age 36, from an order of the Hennepin County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

In 1977 petitioner broke into a home in which a babysitter and four children were present. Petitioner herded the children into a bathroom, then began to sexually attack the babysitter. The babysitter resisted, and petitioner fled. Petitioner was caught a short time later.

Petitioner was charged with burglary with assault and aggravated assault. Pursuant to a plea agreement, he pleaded guilty to the burglary charge and was sentenced to a limited maximum prison term of 10 years, with the sentence running consecutively to any previously imposed but unexpired sentence. Petitioner's sentence will expire in October of 1987. His current release date is January of 1987.

The burglary of which petitioner was convicted is a severity level VII offense. If the Sentencing Guidelines had been in effect at the time of the offense, petitioner's criminal history score at the time of sentencing would have been three. The presumptive sentence for this offense by a person with a criminal history score of three is 49 (45–53) months in prison.

At the postconviction hearing petitioner produced evidence that he had not only behaved well while in prison, but had earned a college degree. He also produced evidence that upon his release he would be employed. Finally, he called a licensed psychologist who testified that in his opinion petitioner's early release from prison would not present a danger to the public.

In *State v. Champion,* 319 N.W.2d 21, 23 (Minn.1982), we stated that "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." Petitioner is a violent offender with a serious record of recidivism. Petitioner had the burden of overcoming these negative factors and establishing that his early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. Under the circumstances of this case, although the postconviction court had discretion to resentence petitioner, the court was not under any obligation to do so.

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.

WAHL, Justice (dissenting).

Under the facts and circumstances of this case I would resentence petitioner to the presumptive sentence.