James H. JOHNSON, Petitioner,
Appellant,

v.

STATE of Minnesota, Respondent.

No. C1–82–1226.

Supreme Court of Minnesota.

April 8, 1983.

Collins, Buckley, Sauntry & Haugh and Dennis W. Hagstrom, St. Paul, for appellant.

Hubert H. Humphrey III, Atty. Gen., St. Paul, R. Scott Hill, County Atty., Faribault, for respondent.

AMDAHL, Chief Justice.

This is an appeal by James Harold Johnson, age 52, from an order of the Olmsted County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (1982). We affirm.

Petitioner was convicted in 1970 of kidnapping and third-degree murder. He was sentenced to 40 years in prison for the kidnapping. His convictions were affirmed in *State v. Johnson*, 291 Minn. 407, 192 N.W.2d 87 (1971).

In *State v. Champion*, 319 N.W.2d 21, 23 (Minn.1982), we stated that "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." Petitioner's sentence is for a very serious crime against a young girl who was a stranger to him. Petitioner also has a record of past acts of violence against other women who were also strangers to him. *See, e.g., State v. Johnson*, 261 Wis. 77, 51 N.W.2d 491 (1952). Petitioner had the burden of overcoming these negative factors and proving that his early release from sentence would not present a danger to the public and would not be incompatible with the welfare

of society. Petitioner did produce expert testimony from a psychiatrist who had talked with him, to the effect that petitioner is not mentally ill and that his early release from sentence would not present a danger to the public. However, the district court was not required to rely on this testimony. Given the seriousness of the conduct underlying petitioner's convictions and given petitioner's past acts of violence, the district court was justified in concluding that petitioner failed to meet his burden of proof.

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.