Lawrence Anthony **WOOLDRIDGE,** Petitioner, Appellant,

v.

**STATE of Minnesota, Respondent.**

**No. C2-83-824.**

Supreme Court of Minnesota.

Jan. 20, 1984.

C. Paul Jones, State Public Defender by Brian I. Rademacher, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin County Atty., Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Lawrence Anthony Wooldridge, age 27, from an order of the Hennepin County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (1982). We affirm.

In 1973 petitioner pleaded guilty to one count of third-degree murder and one count of aggravated assault and was sentenced to an indeterminate prison term of 25 years. He has been released on parole to halfway houses on three different occasions, and on each occasion his parole was subsequently revoked because of a parole violation. The Office of Adult Release (which replaced the Minnesota Corrections Board) has decided to require petitioner to complete an institutional, long-term treatment program for chemical dependency before it will again consider releasing him on parole. Therefore, petitioner has no current target release date. His sentence expiration date is September 7, 1990.

Third-degree murder is a severity level IX offense. Petitioner's criminal history score at the time of sentencing was zero. Effective November 1, 1983, the presumptive sentence for a severity level IX offense by a person with a criminal history score of zero is an executed term of 105 (102–108) months in prison. If petitioner were resentenced to the presumptive sentence, he apparently would be entitled to immediate release from prison.

In *State v. Champion*, 319 N.W.2d 21, 23 (Minn.1982), we stated that "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." Petitioner is serving a sentence for murder, clearly a violent offense, and has failed three times on parole. Petitioner had the burden of overcoming these factors and proving that his early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. The district court justifiably concluded that petitioner failed to meet this burden.

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections. Affirmed.