Gregory Allen SMITH,
petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. C4–84–2231.

Court of Appeals of Minnesota.

July 9, 1985.

Review Denied Sept. 19, 1985.

Deborah Ellis, St. Paul, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Paul R. Jennings, Asst. County Atty., Minneapolis, for respondent.

Heard, considered and decided by LANSING, P.J., and LESLIE and NIERENGARTEN, JJ.

## OPINION

LESLIE, Judge.

Gregory Allen Smith was convicted of third degree murder in 1981. Because his crime took place before the sentencing guidelines were effective, he was sentenced to an indeterminate sentence of one to twenty five years, with a target release date in 1991. Smith brought a motion for resentencing which was denied because the trial court felt that he had not met his burden of proving that his earlier release would not present a danger to the public. We affirm.

## FACTS

On January 6, 1979, at about 2:00 a.m., the appellant, then sixteen years old, and two friends met in Loring Park and decided to "rob a fag." They approached one Terry Knutson in the park and demanded money. Knutson was brutally beaten with a metal club and he died of his injuries about a week later.

Smith was arrested and certified to stand trial for murder as an adult. In exchange

for more lenient treatment, one of Smith's accomplices testified at trial that it was Smith who beat Knutson with a metal club. Other witnesses testified that Smith had later bragged about beating a "fag" in Loring Park on the night in question. On June 23, 1981, a jury convicted Smith of third degree murder.

On July 8, 1981, Smith was sentenced to prison. Because Smith was sentenced before the sentencing guidelines became effective, he received an indeterminate sentence of one year and one day to twenty five years. His target release date is July 28, 1991. While there is some question on the matter, it appears that had Smith been sentenced under the 1981 guidelines the minimum presumptive sentence would have been 97 months.

On May 30, 1984, Smith filed a petition for resentencing pursuant to Minn.Stat. § 590.01, subd. 3 (1982). A hearing was held and Smith presented several witnesses to testify that his early release would not be incompatible with the welfare of society. Smith's parents testified that they had visited him about every other week during his four years of incarceration and that they had noticed he had matured significantly in that time. Myrna Tix, a neighbor of Smith's parents, testified that she had spent two hours with Smith every other week for the past two years and that she believed that his release before 1991 would be compatible with the safety of the community. One of Smith's former teachers at the Oak Park Heights Correctional Facility also testified that Smith had showed a great deal of enthusiasm in successfully earning college credits toward an undergraduate degree in computer science while incarcerated. She testified that he was a good student and well behaved, and that she felt that his early release would be compatible with public safety. Smith, himself, also testified, explaining his educational achievements and his plans for the future. When asked by the prosecuting attorney, Smith still denied that he had caused the death of Knutson. The State called no witnesses to testify against Smith.

The district court denied Smith's motion because Smith had failed to prove that he no longer presented a danger to the public. The court began by noting Smith's "tragic personal history" which included being sent to various juvenile institutions for running away from home, drug use, and various violent offenses. The court relied heavily on a probation officer's report which stated that Smith was a psychopathic individual and on other reports which called him a "con man." The court noted Smith called no psychiatric experts to indicate that this had changed. The court felt that Smith's continued denial of being responsible for Knutson's death, in light of the persuasive evidence to the contrary, indicated that his psychopathic nature had not changed. The good faith opinions of Smith's parents, friends, and former teacher were not sufficient to persuade the court that his early release would not be incompatible with the welfare of society. Therefore, the court denied Smith's petition.

## ISSUE

Did the postconviction court err in denying the resentencing petition of appellant, who was convicted of third degree murder committed when he was a minor, when the appellant presented some evidence that he was reformed?

## ANALYSIS

The beginning point for our analysis is Minn.Stat. § 590.01, subd. 3 (1982), which provides that a person who was convicted and sentenced for a crime committed before May 1, 1980 can petition a court to be resentenced under the sentencing guidelines. Under this provision a petition will not be granted unless the court makes specific findings of fact that early release of the petitioner "does not present a danger to the public and is not incompatible with the welfare of society." *Id.* Furthermore, the petitioner has the burden of proving that his early release would not present a danger to the public safety. *Wooldridge v. State*, 342 N.W.2d 636, 637 (Minn.1984).

Finally, the Supreme Court has repeatedly held that appellate courts will generally not reverse a refusal to resentence an individual where the petitioner is serving a sentence for a violent offense or where he has a record which suggests that he is likely to engage in criminal conduct after his release. *See Johnson v. State,* 331 N.W.2d 757 (Minn.1983); *Frank v. State,* 326 N.W.2d 636, 637 (Minn.1982); *State v. Champion,* 319 N.W.2d 21, 23 (Minn.1982).

■ Appellant argues that at his hearing he did establish that his early release would not be incompatible with the public safety. Appellant argues that the unrebutted evidence of his good behavior, maturity, and academic accomplishments proved that he was entitled to resentencing. While appellant did present evidence to show that he has reformed, it should be noted that almost all of the witnesses who testified were interested parties and none presented professional opinions. Furthermore, while appellant's academic achievements are commendable they do not prove that he will not be dangerous if released early. Finally, it cannot be forgotten that a jury found Smith guilty of a brutal murder.

It is not for this court to second guess the resentencing court, which also was the trial court and had the benefit of personally seeing the witnesses and hearing the testimony which was presented at both proceedings. While the evidence could have supported a finding that Smith would not pose a danger to society, we cannot say that the trial court was clearly erroneous in finding otherwise. As the Minnesota Supreme Court has stated, "[u]nder the circumstances of this case, although the post-conviction court had discretion to resentence petitioner, the court was not under any obligation to do so." *Frank,* 326 N.W.2d at 637.

### DECISION

Under the facts of the case we cannot say that the resentencing court erred in denying the appellant's conviction.

Affirmed.