**STATE of Minnesota, Respondent,**

v.

**Robert Frank CHRISTIE, Appellant.**

**No. C5-92-968.**

Court of Appeals of Minnesota.

Jan. 5, 1993.

Review Granted Feb. 25, 1993.

Hubert H. Humphrey, III, Atty. Gen., Margaret H. Chutich, Sp. Asst. Atty. Gen., St. Paul, Waldemar B. Senyk, Otter Tail County Atty., Fergus Falls, for respondent.

John M. Stuart, State Public Defender, Marie L. Wolf, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by FORSBERG, P.J., and RANDALL and DAVIES, JJ.

## OPINION

FORSBERG, Presiding Judge.

This appeal challenges the constitutionality of the patterned sex offender statute. We affirm the district court and find the statute permissible under the Minnesota and United States Constitutions.

## FACTS

Appellant Robert Frank Christie pled guilty to one count of burglary in the first degree in violation of Minn.Stat. § 609.582, subd. 1(c) (1988) for burglarizing the home of a Fergus Falls couple. In the evening of March 30, 1990, while the husband was sleeping, his wife returned home from the grocery store. She was in the bathroom preparing to take a bath when her husband saw appellant standing at the end of his bed.

Appellant initially froze and then ran. The husband chased and caught appellant

at the front door of the home. The fight, which began inside the home, ended outside. As the police were arriving, the husband asked appellant why; appellant responded that he did not know the husband was home.

Appellant testified he burglarized the home because he needed extra money for bills. He saw the wife go into the bathroom and figured she would be there for five or ten minutes giving him plenty of time to take some things.

The only item appellant carried with him into the home was a condom. Inside appellant's van, which was found near the home, were his glasses, billfold, watch, some items of clothing, and personal documents.

When appellant entered his guilty plea, he acknowledged the sentencing guidelines called for a presumptive sentence of 68 or 78 months, depending on his criminal history score. He also understood the state intended to argue for the statutory maximum under the patterned sex offender statute.

At the sentencing hearing, a psychologist testified that his evaluation of appellant was of a fixated sex offender. Appellant's parole officer testified appellant's criminal record includes several burglaries, aggravated robbery, kidnapping, aggravated sodomy, attempted rape, rape, and aggravated rape. Testimony was also heard from a Fergus Falls police detective, the husband, and appellant.

Following the sentencing hearing, appellant was sentenced as a patterned sex offender under Minn.Stat. § 609.1352 (Supp. 1989), and given the 240–month statutory maximum for first degree burglary. A direct appeal followed. In an order opinion filed July 17, 1991, this court affirmed the trial court's finding that appellant fit the statutory definition of a patterned sex offender. However, because appellant raised the issue of the constitutionality of the patterned sex offender's statute for the first time on appeal, the case was remanded to the trial court for an initial determination of the statute's constitutionality. On remand, the trial court concluded the patterned sex offender statute is constitutional. This appeal followed.

## ISSUES

1. Is the patterned sex offender statute a violation of the due process clause of the federal and state constitutions when the sentencing court uses a reasonable belief standard to determine whether appellant is a patterned sex offender?

2. Does the patterned sex offender statute violate appellant's right to due process in sentencing because it takes his sentence outside the constraints of the sentencing guidelines?

3. Is the patterned sex offender statute vague and ambiguous as to warning of the conduct punishable and how severe the punishment may be?

## ANALYSIS

### I.

A party who challenges the constitutionality of a statute must demonstrate beyond a reasonable doubt that the statute is unconstitutional. *State v. Merrill,* 450 N.W.2d 318, 321 (Minn.1990), *cert. denied,* 496 U.S. 931, 110 S.Ct. 2633, 110 L.Ed.2d 653 (1990). A statute is to be declared unconstitutional only when absolutely necessary and then with great caution. *Sartori v. Harnischfeger Corp.,* 432 N.W.2d 448, 453 (Minn.1988). The due process protection provided under the Minnesota Constitution is identical to that guaranteed under the United States Constitution. *Id.*

A person can be sentenced under the patterned sex offender statute if, among other requirements, it "reasonably appears" that the crime was motivated by sexual impulses or was part of a predatory pattern of behavior with criminal sexual conduct as a goal. Minn.Stat. § 609.1352, subd. 1 (Supp.1989).[1] Appellant argues

---

1. Minn.Stat. § 609.1352 (Supp.1989) provides in pertinent part:

Subdivision 1. **Sentencing authority.** A court may sentence a person to a term of imprisonment of not less than double the pre-

that the patterned sex offender statute violates the due process clause of both the federal and state constitutions because it requires the intent appellant possessed at the time he committed the burglary to be proved only by the statutory standard of proof "reasonably appears," rather than beyond a reasonable doubt.

■ The United States Supreme Court rejected the claim that whenever a state links the severity of punishment to the presence or absence of an identified fact, the state must prove the fact beyond a reasonable doubt. *McMillan v. Pennsylvania*, 477 U.S. 79, 84, 106 S.Ct. 2411, 2415, 91 L.Ed.2d 67 (1986). The due process clause only requires the state to prove beyond a reasonable doubt all the elements included in the definition of the offense for which the defendant is charged. *Id.* at 85, 106 S.Ct. at 2415.

■ The patterned sex offender statute does not alter the maximum penalty for any of its enumerated crimes nor does it create a separate offense calling for a separate penalty. The statute operates solely to limit the sentencing court's discretion in selecting a penalty within the range already available to it for the burglary committed by appellant without findings of sexual conduct required under the sentencing statute. *See id.* at 87–88, 106 S.Ct. at 2417 (mandatory sentencing statute neither altered maximum penalty for crime committed nor created separate offense with separate penalty, but only limited sentencing court's discretion in selecting penalty within range already available without finding additional element required under sentencing statute); *see also State v. Piri*, 295 Minn. 247, 254, 204 N.W.2d 120, 125 (1973) (increased sentence under dangerous offender statute not separate crime, rather dangerous offender subject to increased sentence for charged crime).

The Supreme Court has determined that the preponderance of the evidence standard satisfies due process. *See McMillan*, 477 U.S. at 92, 106 S.Ct. at 2419; *Piri*, 295 Minn. at 253, 204 N.W.2d at 124 (increasing sentence under dangerous offender statute

sumptive sentence under the sentencing guidelines and not more than the statutory maximum, or if the statutory maximum is less than double the presumptive sentence, to a term of imprisonment equal to the statutory maximum, if:

(1) the court is imposing an executed sentence, based on a sentencing guidelines presumptive imprisonment sentence or a dispositional departure for aggravating circumstances or a mandatory minimum sentence, on a person convicted of committing or attempting to commit a violation of section 609.342, 609.343, 609.344, or 609.345, or on a person convicted of committing or attempting to commit any other crime listed in subdivision 2 if it reasonably appears to the court that the crime was motivated by the offender's sexual impulses or was part of a predatory pattern of behavior that had criminal sexual conduct as its goal;

(2) the court finds that the offender is a danger to public safety; and

(3) the court finds that the offender needs long-term treatment or supervision beyond the presumptive term of imprisonment and supervised release. The finding must be based on a professional assessment by an examiner experienced in evaluating sex offenders that concludes that the offender is a patterned sex offender. The assessment must contain the facts upon which the conclusion is based, with reference to the offense history of the offender or the severity of the current offense, the social history of the offender, and the results of an examination of the offender's mental status. The conclusion may not be based on testing alone. A patterned sex offender is one whose criminal sexual behavior is so engrained that the risk of reoffending is great without intensive psychotherapeutic intervention or other long-term controls.

Subd. 2. **Predatory crime.** A predatory crime is a felony violation of section 609.185, 609.19, 609.195, 609.20, 609.205, 609.221, 609.222, 609.223, 609.24, 609.245, 609.25, 609.255, 609.342, 609.343, 609.344, 609.345, 609.365, 609.498, 609.561, or 609.582, subdivision 1.

Subd. 3. **Danger to public safety.** The court shall base its finding that the offender is a danger to public safety on either of the following factors:

(1) the crime involved an aggravating factor that would justify a durational departure from the presumptive sentence under the sentencing guidelines; or

(2) the offender previously committed or attempted to commit a predatory crime or a violation of section 609.224, including an offense committed as a juvenile that would have been a predatory crime or a violation of section 609.224 if committed by an adult.

Subd. 4. **Departure from guidelines.** A sentence imposed under subdivision 1 is a departure from the sentencing guidelines.

requires proof only by fair preponderance of evidence). Additionally, sentencing courts traditionally hear evidence and do fact finding without any prescribed burden of proof. *McMillan*, 477 U.S. at 91, 106 S.Ct. at 2419.

Although the patterned sex offender statute uses the language "reasonably appears," the trial court interpreted this language and applied it as a higher standard of proof than the preponderance of the evidence standard. We conclude the sentencing court is not required to use the beyond a reasonable doubt standard when sentencing under the patterned sex offender statute. The reasonableness standard in the patterned sex offender statute meets due process requirements.[2] *See id.* at 92 n. 8, 106 S.Ct. at 2419 n. 8 (established burden of proof need not be used by sentencing court); *Morphew v. U.S.*, 909 F.2d 1143, 1144–45 (8th Cir.1990) (where district court did not explicitly state standard of proof used and United States Constitution does not impose particular standard of proof for factual determinations at sentencing hearings, district court findings were adequate to make meaningful review of defendant's sentence and defendant's due process argument requiring proof beyond reasonable doubt was rejected).

## II.

■ Sentencing statutes which increase sentences are not unreasonable and arbitrary merely because a judge can reach different results in its application. *Rummel v. Estelle*, 445 U.S. 263, 285, 100 S.Ct. 1133, 1145, 63 L.Ed.2d 382 (1980) (trial court has discretion to set length of sentence under recidivist statute); *Oyler v. Boles*, 368 U.S. 448, 451, 82 S.Ct. 501, 503, 7 L.Ed.2d 446 (1962) (imposing severe criminal penalties upon habitual offenders is no longer open to serious constitutional challenge). The trial court exercised its discretion and followed the patterned sex offend-

er statute which is incorporated into the sentencing guidelines. Minn.Sent.Guidelines II.D.2.b(7) (aggravating factors for departure include patterned sex offender statute); *see* Minn.Stat. § 609.1352, subd. 4 (sentence imposed under patterned sex offender statute is departure from guidelines).

The sentencing court did not subject appellant to a term greater than the 240–month statutory maximum for his convicted offense of burglary in the first degree. The trial court also made written findings which specified the "substantial and compelling nature of the circumstances." Minn.Sent.Guidelines II.D.204. The patterned sex offender statute does not take appellant's sentence outside the constraints of the sentencing guidelines, but rather is authorized by the sentencing guidelines. The statute does not violate appellant's right to due process in sentencing.

## III.

■ A vagueness challenge to a statute is examined in light of the facts of that particular case. *State v. Normandale Properties, Inc.*, 420 N.W.2d 259, 262 (Minn.App.1988), *pet. for rev. denied* (Minn. May 4, 1988). A person must show that the statute lacks specificity as to his own behavior and not as to some hypothetical situation. *Id.*

■ Due process requires that criminal statutes be sufficiently clear and definite to warn a person of what conduct is punishable. *State v. Davidson*, 481 N.W.2d 51, 56 (Minn.1992). The court must consider whether any imprecision in the statute promotes arbitrary and discriminatory enforcement. *Id.* Although a challenged statute may include some general language, this does not make the statute unconstitutionally vague. *State v. Willenbring*, 454 N.W.2d 268, 270 (Minn.App.

---

**2.** Appellant also was given due process in that he was present with counsel; he had an opportunity to be heard; he confronted and cross-examined witnesses against him; and he offered evidence of his own. The trial court also issued adequate written findings for appeal. *See*

*Specht v. Patterson*, 386 U.S. 605, 610, 87 S.Ct. 1209, 1212, 18 L.Ed.2d 326 (1967) (due process requires defendant's presence with counsel, opportunity to be heard, confrontation and cross-examination of witnesses, and adequate findings for review).

1990), *pet. for rev. denied* (Minn. May 30, 1990).

The patterned sex offender statute is clear and definite enough to warn a person as to what conduct is punishable and how severe the punishment may be. The statute itself defines various terms, including who constitutes a patterned sex offender. Minn.Stat. § 609.1352, subd. 1(3). A person is subject to the patterned sex offender statute if that person has committed a predatory crime or other enumerated crimes. *Id.*, subd. 1. These predatory crimes also are enumerated in the statute. *Id.*, subd. 2. The court must determine whether the offender is a "danger to public safety," which is defined in the statute. *Id.*, subd. 1(2), subd. 3. The offender is subject to a professional assessment by an examiner experienced in evaluating sex offenders. *Id.*, subd. 1(3). Persons of ordinary intelligence can read this statute and determine what would subject them to enhanced punishment. *See Willenbring*, 454 N.W.2d at 271 (unless statute proscribes no comprehensible course of conduct, it will be upheld).

## DECISION

We hold that Minn.Stat. § 609.1352 is constitutional and authorized as a sentencing departure by the Minnesota Sentencing Guidelines. Appellant's right to due process was not violated.

Affirmed.