**STATE of Minnesota, Respondent,**

v.

**Glen Edward KIMMONS, Appellant.**

**No. C3-93-350.**

Court of Appeals of Minnesota.

June 22, 1993.

Review Denied Aug. 16, 1993.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael O. Freeman, Hennepin County Atty., Paul R. Scoggin, Asst. County Atty., Minneapolis, for respondent.

William R. Kennedy, Hennepin County Public Defender, Peter W. Gorman, J. Craig Boone, Asst. Public Defenders, Minneapolis, for appellant.

Considered and decided by AMUNDSON, P.J., and HUSPENI and SCHULTZ, JJ.[*]

## OPINION

HUSPENI, Judge.

Appellant Glen Edward Kimmons was convicted by a jury of simple robbery in violation of Minn.Stat. § 609.24 (1990). The trial court sentenced appellant to a double upward durational departure under Minn.Stat. § 609.152, subd. 2 (1990). Appellant claims the statute is unconstitutionally vague and unconstitutional as applied to him. We affirm.

## FACTS

On March 7, 1991, a sixty-three-year-old woman parked her car in the parking lot of her apartment building. She opened the car door and turned to pick up her purse. Appellant approached her from behind, reached around her neck and grabbed at the purse. The victim resisted and tried to hold onto the purse. She feared appellant would choke her. When the purse strap broke, she let go of the purse.

Appellant ran, and the victim followed, calling for help. A passerby heard the call for help, ran after appellant, and then alerted a nearby Metropolitan Transit Commission (MTC) security patrol. The MTC officers pursued appellant and caught him. Appellant was brought back to the crime scene and identified by the victim, who reported minor injuries from the incident.

Appellant was convicted by a jury of simple robbery. Based upon appellant's criminal history score of six, the presumptive sentence was 54 months. The state moved for an upward durational departure based upon Minn.Stat. § 609.152 (1990) (dangerous and career offenders sentencing statute), and after a hearing, the trial court sentenced appellant to 108 months under the statute. The trial court did not make written findings supporting the sentence.

Appellant brought an appeal challenging his conviction, an evidentiary ruling, a discovery ruling, and the sentence. In an order opinion, this court affirmed the trial court on all issues except the sentence. *See State v. Kimmons*, No. C2–92–118 (Minn.App. Aug. 4, 1992). This court reversed and remanded for resentencing, directing the trial court to make more specific findings under Minn.Stat. § 609.152 and specify which subdivisions of the statute were being used.

On remand, after oral arguments by counsel, the trial court issued a written order and memorandum and again sentenced appellant to 108 months under Minn. Stat. § 609.152, subds. 2(2)(i), (ii).

## ISSUES

1. Is Minn.Stat. § 609.152, subd. 2 unconstitutionally vague?

2. Is Minn.Stat. § 609.152, subd. 2 unconstitutional as applied to appellant?

---

[*] Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

## ANALYSIS

### I.

█ Appellant claims Minn.Stat. § 609.-152, subd. 2 (1990) is unconstitutionally vague. Every law is presumed to be constitutionally valid. Minn.Stat. § 645.17(3) (1990); *Head v. Special Sch. Dist. No. 1*, 288 Minn. 496, 506, 182 N.W.2d 887, 894 (1970), *cert. denied*, 404 U.S. 886, 92 S.Ct. 196, 30 L.Ed.2d 168 (1971); *State v. Willenbring*, 454 N.W.2d 268, 270 (Minn.App. 1990), *pet. for rev. denied* (Minn. May 30, 1990). The presumption must be disproven beyond a reasonable doubt. *Hickman v. Group Health Plan, Inc.*, 396 N.W.2d 10, 13 (Minn.1986). The trial court did not rule on the constitutionality of Minn.Stat. § 609.152, nor has the constitutionality of this statute been challenged previously in the appellate courts of Minnesota.

█ Criminal statutes must meet the due process standards of definiteness under the United States Constitution and the Minnesota Constitution. *State v. Newstrom*, 371 N.W.2d 525, 528 (Minn.1985). Generally,

> the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.

*Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983) (citations omitted), *quoted in Newstrom*, 371 N.W.2d at 528. However, "[t]he fact the challenged statute may be phrased in somewhat general language does not make it unconstitutionally vague." *Willenbring*, 454 N.W.2d at 270.

> The root of the vagueness doctrine is a rough idea of fairness. It is not a principle designed to convert into a constitutional dilemma the practical difficulties in drawing criminal statutes both general enough to take into account a variety of human conduct and sufficiently specific to provide fair warning that certain kinds of conduct are prohibited.

*Colten v. Kentucky*, 407 U.S. 104, 110, 92 S.Ct. 1953, 1957, 32 L.Ed.2d 584 (1972), *quoted in Willenbring*, 454 N.W.2d at 270.

Minn.Stat. § 609.152, subd. 2 (1990) provides:

> Whenever a person is convicted of a violent crime, and the judge is imposing an executed sentence based on a sentencing guidelines presumptive imprisonment sentence, the judge may impose an aggravated durational departure from the presumptive imprisonment sentence up to the statutory maximum sentence if the offender was at least 18 years old at the time the felony was committed, and
>
> (1) the offender has two or more prior convictions for violent crimes; and
>
> (2) the court finds that the offender is a danger to public safety and specifies on the record the basis for the finding, which may include:
>
> > (i) the offender's past criminal behavior, such as the offender's high frequency rate of criminal activity or juvenile adjudications, or long involvement in criminal activity including juvenile adjudications; or
> >
> > (ii) the fact that the present offense of conviction involved an aggravating factor that would justify a durational departure under the sentencing guidelines.

Appellant recognizes that Minn.Stat. § 609.152, subd. 2 contains five conjunctive requirements and concedes the presence of four in this case. Appellant agrees that he has been convicted of a violent crime (robbery), that the sentencing court was imposing an executed sentence based on the Minnesota Sentencing Guidelines, that appellant was 18 years old when the offense was committed, and that he has two or more prior convictions for violent crimes. Appellant alleges, however, that there are three unconstitutionally vague phrases in Minn.Stat. § 609.152, subd. 2: "danger to public safety," "high frequency rate of criminal activity," and "long involvement in criminal activity." We shall address each challenged phrase in turn.

## A. Danger to Public Safety

■ Appellant urges that this phrase is internally vague because it compels the sentencing judge to look at the other two challenged phrases, themselves allegedly vague, for clarification and support. We disagree.

We note, initially, that Minn.Stat. § 609.16 (1978) (repealed 1978)[1], an earlier enhancement statute, which required the court to find that "an extended term of imprisonment is required for [the defendant's] rehabilitation or for the public safety," has been held constitutional under a void-for-vagueness challenge. *See, e.g., State v. Adams,* 295 N.W.2d 527, 536 (Minn.1980); *State v. Michaud,* 276 N.W.2d 73, 77 (Minn.1979). No definitions or standards were provided under section 609.16.

The statute challenged in this case similarly requires a finding that the offender is a danger to public safety. However, we agree with the observation of the trial court that in general trial courts have experience in interpreting and applying the statutory language "danger to public safety." For example, a post-conviction petition for resentencing may not be granted unless the trial court finds that early release is not a danger to the public. Minn.Stat. § 590.01, subd. 3 (1990). The petitioner has the burden of proving that early release is not a danger to public safety. *Smith v. State,* 371 N.W.2d 226, 227 (Minn. App.1985), *pet. for rev. denied* (Minn. Sept. 19, 1985). A trial court's finding that a petitioner poses a danger to public safety will not be reversed unless clearly erroneous. *Id.* at 228.

In addition, under the patterned sex offender statute, a sentencing court also has to find that the offender is a danger to public safety. Minn.Stat. § 609.1352, subds. 1(2), 3 (1990). The finding is based upon the presence of an aggravating factor or a prior conviction. The patterned sex offender statute was recently found constitutional under a void-for-vagueness challenge in *State v. Christie,* 494 N.W.2d 492, 497 (Minn.App.1993), *pet. for rev. granted* (Minn. Feb. 25, 1993).

The dangerous offender enhancement statute being challenged here has, in fact, more specifically stated requirements than the patterned sex offender statute. Under Minn.Stat. § 609.152, subd. 2, the finding that the offender is a danger to public safety may be based upon an aggravating factor, or a high frequency of criminal activity, or long involvement in criminal activity, as well as upon the presence of prior convictions.

## B. High Frequency Rate of Criminal Activity

■ Appellant argues that this requirement could be improperly applied to offenders with relatively minor or nondangerous offenses, and that the legislature could not have intended such broad application of the dangerous offender enhancement statute. We find no unconstitutional vagueness in the phrase "high frequency rate of criminal activity" and conclude that if the legislature had wished to limit the sentencing court's consideration to the "high frequency rate of *violent* criminal activity," it would have done so. Further, review of the legislative history of this phrase indicates that there was no consideration given to limiting application to past violent criminal activity. We also find no merit in appellant's argument that this requirement should be limited to the individual who commits many offenses in a short time or commits many offenses in the same jurisdiction. Our review of the legislative history reveals no intent to so limit the scope of the provision.

## C. Long Involvement in Criminal Activity

■ In connection with this requirement, appellant realleges the concerns he voiced about "high frequency rate of criminal activity"; that the statute would inappropriately encompass those with a history of relatively minor or nondangerous offenses. Again, we conclude the legislature did not

1. Minn.Stat. § 609.16 was repealed when the sentencing guidelines went into effect by 1978

Minn.Laws ch. 723, art. 1, § 19.

intend to so limit the statute's application. Appellant also argues that "long involvement in criminal activity" must connote a continuous pattern of offenses throughout one's life. Again, we discern no legislative intent to so limit the application of the statute.

Finally, we note that the statute requires *either* a high frequency rate of criminal activity or long involvement in criminal activity, but not both. There is no unconstitutional vagueness in the statutory mandate to permit courts to enhance the sentences of those individuals who by their history have shown a propensity to commit crime.

■ We conclude that "[s]entencing statutes which increase sentences are not unreasonable and arbitrary merely because a judge can reach different results in its application." *Christie*, 494 N.W.2d at 496 (citing *Rummel v. Estelle*, 445 U.S. 263, 285, 100 S.Ct. 1133, 1145, 63 L.Ed.2d 382 (1980); *Oyler v. Boles*, 368 U.S. 448, 451, 82 S.Ct. 501, 503, 7 L.Ed.2d 446 (1962)). The trial court is allowed to exercise its discretion when applying such statutes. *Id.* As this court found in *Christie* regarding Minn.Stat. § 609.1352, "[p]ersons of ordinary intelligence can read this statute and determine what would subject them to enhanced punishment." *Id.* at 497. Minn. Stat. § 609.152, subd. 2 is not unconstitutionally vague.

## II.

In addition to attacking Minn.Stat. § 609.152, subd. 2 as unconstitutionally vague, appellant also claims that this statute was unconstitutionally applied to him to support the double upward durational departure of his sentence. He argues the statute is not meant to apply to persons with his criminal history, but to persons with longer, more egregious criminal histories. We disagree.

■ Appellant first challenges the finding that he is a danger to public safety. Under Minn.Stat. § 609.152, subd. 2(2), the basis for the finding of a danger to public safety may be based upon

(i) the offender's past criminal behavior, such as the offender's high frequency rate of criminal activity or juvenile adjudications, or long involvement in criminal activity including juvenile adjudications; or

(ii) the fact that the present offense of conviction involved an aggravating factor that would justify a durational departure under the sentencing guidelines.

The trial court need only find that one of the subsections has been met for the statute to apply. The trial court found both subsections (i) and (ii) applicable to this case.

The trial court's findings are supported by the record. Appellant has been convicted of three burglaries, a first degree robbery, two second degree robberies, a third degree criminal mischief, an assault with intent to do bodily harm, and four misdemeanors. The trial court also found that "[i]n essence the defendant has not been free of prison, parole, probation, or criminal charges for more than one year since 1977." Appellant has a high frequency rate of criminal activity and long involvement in criminal activity, satisfying subsection (i).

■ Upward departure is within the discretion of the trial court only if substantial and compelling aggravating circumstances are present. *State v. Best*, 449 N.W.2d 426, 427 (Minn.1989). When aggravating circumstances are present, generally the upper limit for a durational departure is double the maximum presumptive sentence. *State v. Glaraton*, 425 N.W.2d 831, 834 (Minn.1988). If the record supports the trial court's findings of substantial and compelling circumstances, a reviewing court will uphold the sentence "unless it has a 'strong feeling' that the sentence is disproportionate to the offense." *State v. Anderson*, 356 N.W.2d 453, 454 (Minn.App. 1984) (quoting *State v. Shantzen*, 308 N.W.2d 484, 487 (Minn.1981)).

The trial court, in finding an aggravating factor was present under subsection (ii), stated:

Since the parking lot was well lit, the [appellant] had the opportunity to assess

that [the victim] was an elderly woman and that he could easily take advantage of her. As a result of the robbery, [the victim] sustained skinned knuckles, a sore neck, and headaches for which she has seen a doctor. [The victim] said she was very shook up and unable to sleep the night of the incident. In addition, [the victim] has had ongoing problems with nervousness and something akin to paranoia. * * * [T]he [appellant] took advantage of the victim's vulnerable state and caused her personal injury and psychological problems.

 Elderly victims have been found to be particularly vulnerable, which is an aggravating factor under the guidelines. *E.g., State v. Van Gorden*, 326 N.W.2d 633, 634 (Minn.1982) (sixty-six-year-old victim). Appellant's argument that the victim's age is not part of the record is without merit. The record on appeal consists of "papers filed in the trial court, the offered exhibits, and the transcript of the proceedings." Minn.R.Crim.P. 28.02, subd. 8. The victim's age was included in the presentence investigation report which was reviewed by the trial court. The trial court observed the victim as a witness during a jury trial. Furthermore, as the court observed at sentencing, it may rely on factors that are not part of the record. *See Adams*, 295 N.W.2d at 535 ("a trial court is not bound by the same rules of evidence in sentencing as in the trial"). The trial court did not abuse its discretion by finding that the victim's age made her particularly vulnerable and that therefore an aggravating factor was present.

 The trial court's finding that appellant is a danger to public safety is supported by the record. The requirements of Minn.Stat. § 609.152 were met. In fact, both subsections (i) and (ii) were met, where only one was necessary. The statute was not unconstitutionally applied to appellant. The trial court did not abuse its discretion by imposing a double upward durational departure pursuant to Minn. Stat. § 609.152, subd. 2.

**DECISION**

We hold that Minn.Stat. § 609.152, subd. 2 (1990) is not unconstitutionally vague, nor is it unconstitutional as applied to appellant.

**Affirmed.**