529 N.W.2d 1 (1995)
STATE of Minnesota, Respondent,
v.
Terry Lee BRANSON, Appellant.
No. C5-94-1798.
Court of Appeals of Minnesota.
February 28, 1995.
Review Denied April 18, 1995.
*3 Hubert H. Humphrey, III, Atty. Gen., St. Paul, James C. Backstrom, Dakota County Atty., Stuart E. Shapiro, Asst. County Atty., Hastings, for respondent.
John M. Stuart, Minnesota State Public Defender, Rochelle R. Winn, Asst. State Public Defender, St. Paul, for appellant.
Considered and decided by RANDALL, P.J., and CRIPPEN and MULALLY,[*] JJ.

OPINION
EDWARD D. MULALLY, Judge.
Terry Lee Branson appeals his sentence, arguing that the district court erred in (1) sentencing him under the dangerous offender statute because he was not a danger to public safety and (2) imposing consecutive sentences. We affirm in part and reverse in part.

FACTS
On December 10, 1993, at approximately 1:15 a.m., K.E.M. got off work at Marv's Corral and went to the parking lot to warm up her car. As she was about to unlock the car door, Branson came up behind her, grabbed her by the hair, and put a knife to her throat. He said that he needed a hostage because he was in trouble and if she did not get him out of the state, he would slit her throat.
Another Marv's Corral employee was in the lot. He saw that K.E.M. was in trouble and pushed Branson. K.E.M. broke free, and both employees ran back to the bar.
Branson followed but ran into D.B., a police officer. Branson began stabbing at D.B. with his knife. D.B. fended off the attack with the door of the car and his flashlight. D.B. got back into the car, and Branson ran off, pursued by other officers who eventually captured him.
Branson was charged with second degree assault and attempted kidnapping for his acts against K.E.M. and with second degree assault for his attack on D.B. On February 15, 1994, Branson pleaded guilty to the charges. Branson was sentenced under the dangerous offender statute to the maximum statutory sentences: 120 months for attempted kidnapping; 84 months for the second degree assault of K.E.M.; and 84 months for the second degree assault of D.B. They were imposed consecutively.

ISSUES
1. What is the standard of review of a district court's finding that an offender is a danger to public safety?
2. Does Branson's past criminal behavior, including three violent crimes committed over an 18-year period, support the district court's finding that he was a danger to public safety?
3. Did imposing consecutive sentences for the crimes committed against K.E.M. and D.B. unfairly exaggerate the criminality of Branson's conduct?
4. Were there severe aggravating circumstances supporting the imposition of consecutive sentences for the crimes committed against K.E.M.?

ANALYSIS
1. Branson argues that the district court's use of the dangerous offender statute was improper because the record does not support the finding that he was a danger to public safety. We disagree.
The criminal code provides for increased sentences for dangerous offenders. Minn.Stat. § 609.152 (1992 & Supp.1993).
Whenever a person is convicted of a violent crime, and the judge is imposing an executed sentence based on a sentencing guidelines presumptive imprisonment sentence, the judge may impose an aggravated *4 durational departure from the presumptive imprisonment sentence up to the statutory maximum sentence if the offender was at least 18 years old at the time the felony was committed, and:
(1) the court determines on the record at the time of sentencing that the offender has two or more prior convictions for violent crimes; and
(2) the court finds that the offender is a danger to public safety and specifies on the record the basis for the finding, which may include:
(i) the offender's past criminal behavior, such as the offender's high frequency rate of criminal activity or juvenile adjudications, or long involvement in criminal activity including juvenile adjudications; or
(ii) the fact that the present offense of conviction involved an aggravating factor that would justify a durational departure under the sentence guidelines.
Id., subd. 2. Branson was 39 years old at the time the felony was committed and had three prior convictions for violent crimes. The only issue is whether Branson "is a danger to public safety." This court will not overturn a district court's determination that a defendant is a danger to public safety if the finding is supported by the record. State v. Kimmons, 502 N.W.2d 391, 396 (Minn.App. 1993), pet. for rev. denied (Minn. Aug. 16, 1993).
2. Here, the record supports the finding because there was a long involvement in criminal activity. Branson has been involved in criminal activity for 18 years. In 1976, he raped his paternal aunt. In 1983, less than two years after his release for the rape, he was charged with criminal sexual conduct in the third degree to which he pleaded guilty to the lesser offense of false imprisonment. About nine months later, he broke into a woman's apartment and sexually assaulted her. He pleaded guilty to one count of criminal sexual conduct in the first degree. Finally, while on supervised release for that offense, Branson assaulted K.E.M.
As the district court noted, this could also be considered a high frequency rate of criminal activity considering the length of time he spent incarcerated during those 18 years.
Finally, the district court also relied on Dr. Marsden's psychological evaluation to support its finding that Branson was a danger to public safety. See Minn.Stat. § 609.152, subd. 2 (basis for finding of dangerousness may include past criminal behavior or present aggravating factors). Because the district court's finding has support in the record, we conclude sentencing under the dangerous offender statute was permissible.
3. Branson argues that the consecutive sentences for the crimes involving K.E.M. and D.B. unfairly exaggerate the criminality of his conduct and are excessive because the convictions arose out of one incident. We disagree.
Consecutive sentences are permitted when a defendant is convicted of multiple current felonies committed against different persons. Minn. Sent. Guidelines II.F.2. A consecutive sentence is not allowed if it unfairly exaggerates the criminality of the defendant's conduct. State v. Norris, 428 N.W.2d 61, 70 (Minn.1988). For instance, consecutive sentencing may exaggerate the criminality of the offense when multiple convictions were the result of the same behavioral incident. See, e.g., Norris, 428 N.W.2d at 71 (consecutive sentences for murder and five counts of assault unfairly exaggerated the criminality of armed robbery). On the other hand, consecutive sentencing is appropriate where more than one victim is assaulted in order to recognize the severity of each assault. State v. Cermak, 442 N.W.2d 822, 824 (Minn.App.1989). Whether consecutive sentences should be imposed is a question within the discretion of the district court. State v. Allen, 482 N.W.2d 228, 231 (Minn. App.), pet. for rev. denied (Minn. Apr. 13, 1992).
Here Branson attacked two victims; therefore, consecutive sentencing was permissible. See Minn. Sent. Guidelines II.F.2. Moreover, the assaults were not the result of the same behavioral incident  he assaulted and attempted to kidnap K.E.M. and then assaulted the officer as he was running towards the bar. See State v. Schneider, 402 N.W.2d 779, 790 (Minn.1987) (consecutive *5 sentences proper where offender committed burglary against one victim, kidnapped another, and murdered an officer while leaving the scene), cert. denied, ___ U.S. ____, 114 S.Ct. 901, 127 L.Ed.2d 93 (1994). Finally, if concurrent sentencing was used, the severity of the assault against each victim would not be recognized. See Cermak, 442 N.W.2d at 824.
4. The final question is whether the district court abused its discretion in imposing consecutive sentences for the attempted kidnapping and the assault of K.E.M. Branson argues that a district court may not do so unless there are severe aggravating circumstances, which were not present in this case. The state responds that consecutive sentences for crimes committed against the same victim are permitted if one of those offenses is kidnapping. Alternatively, the state argues that there were aggravating factors to support the departure.
Under the sentencing guidelines, concurrent sentences are presumed unless there is an exception or there are aggravating circumstances. Minn. Sent. Guidelines II.F. The state argues that consecutive sentences were independently permissible under Minn. Stat. § 609.251 (Supp.1993). That statute provides:
[A] prosecution for or conviction of the crime of kidnapping is not a bar to conviction of or punishment for any other crime committed during the time of the kidnapping.
Under this section, consecutive sentences may be imposed for multiple offenses committed against the same victim in a single behavioral incident when one of the offenses is kidnapping. State v. Swanson, 498 N.W.2d 435, 440 (Minn.1993). This court, however, held that while such a sentence is permissible, it is a departure from the guidelines requiring aggravating factors for support. State v. Halvorson, 506 N.W.2d 331, 340 (Minn.App.1993). The state argues that Halvorson was wrongly decided and should be overruled. We will not do so. The Swanson court did not overrule State v. Crocker, 409 N.W.2d 840, 845 (Minn.1987) in which the supreme court specifically considered section 609.251 and stated that sentences are presumed concurrent even for crimes committed during a kidnapping.
Severe aggravating circumstances are required to durationally depart and to depart with respect to consecutive service. See State v. Rachuy, 502 N.W.2d 51, 52 (Minn.1993) (when departing durationally under career offender statute, need aggravating circumstances to depart with respect to consecutive service); Halvorson, 506 N.W.2d at 340 (severe aggravating circumstances are required to durationally depart under the patterned sex offender statute and to depart with respect to consecutive service for crimes committed against one victim). In this case, severe aggravating circumstances are not present. Emotional and psychological effects on a victim may be reason to depart. State v. Glaraton, 425 N.W.2d 831, 833 (Minn.1988); Allen, 482 N.W.2d at 233. Here, the record shows that K.E.M. is "scared a lot" and thinks someone is behind her. This is not the type of severe aggravating circumstance to warrant a departure. See id. at 233 (departure proper where victim was depressed, sought counseling, and was on antidepressant medication).
If a crime is committed in a particularly cruel way, a departure may be warranted. State v. Running, 330 N.W.2d 119, 121 (Minn.1983). We do not find that this crime was committed in such a cruel way as to justify a departure. See State v. Magnan, 328 N.W.2d 147, 148, 150 (Minn.1983) (departure not warranted even though kidnapper threatened to blow off victim's head). We conclude that the 120 and 84-month sentences for the crimes committed against K.E.M. are concurrent, while the 84-month sentence for the assault on D.B. is to run consecutively.

DECISION
The district court properly sentenced Branson under the dangerous offender statute and imposed consecutive sentences for the crimes committed against K.E.M. and D.B. Consecutive sentencing for the assault and attempted kidnapping of K.E.M. was *6 improper, however, because there were no severe aggravating circumstances.
Affirmed in part and reversed in part.
NOTES
[*] Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.