FLOREY, Judge
The state appeals a district court's pretrial denial of a request to submit aggravating sentencing factors to a jury. Because the district court failed to apply the probable-cause standard when determining whether the law and proffered evidence would support an aggravated sentence, we reverse.
*9 FACTS
The state charged respondent Donyale Damon Gayles with three counts of aggravated first-degree sale of a controlled substance; four counts of first-degree sale of a controlled substance; one count of first-degree possession of a controlled substance; and three counts of child endangerment (possession of a controlled substance), after officers orchestrated three controlled purchases of cocaine from respondent. The controlled purchases occurred at respondent's home. During two of the controlled purchases, children were present in respondent's home. Officers executed a search warrant of the home and discovered over 180 grams of cocaine and an unattended child.
The state provided notice of its intent to seek an aggravated sentence and an upward departure, citing two aggravating factors: the drug offenses were committed in the presence of a child, and respondent has two or more prior violent-crime convictions and is a danger to public safety. The state thereafter moved for a court determination under Minn. R. Crim. P. 11.04, subd. 2(a), of whether the law and proffered evidence supported an aggravated sentence. Respondent argued that the state could not prove that a child witnessed the drug sales, and that the evidence did not support a finding that he is a danger to public safety.
The district court denied the state's motion to present aggravating factors to the jury. The district court indicated that "motions for aggravated sentences are not governed by a particular standard," but then stated that it considered the state's evidence concerning whether the offenses were committed in the presence of children "in the light most favorable to the [s]tate." The district court found that there was no evidence that the children saw, heard, or otherwise witnessed the drug sales during the controlled purchases, and that the fact that children "could" have reached the controlled substances was not sufficient to support an aggravated sentence. The district court also concluded that there was insufficient evidence to present to a jury the issue of whether respondent is a danger to public safety, as his criminal history did not indicate a high frequency of dangerous crimes, and he had demonstrated lengthy periods of noncriminal behavior.
The state appealed.
ISSUE
What standard applies when determining whether to allow the state to present aggravating sentencing factors to a jury under Minnesota Rule of Criminal Procedure 11.04, subdivision 2(a) ?
ANALYSIS
Minn. R. Crim. P. 28.04, subd. 1(1), permits the state to appeal "any pretrial order, including probable cause dismissal orders based on questions of law." In State v. Rourke , the supreme court clarified that the state may be permitted to appeal a district court's pretrial denial of a request to submit aggravating factors to the jury provided jeopardy has not attached. 773 N.W.2d 913, 923 (Minn. 2009) (citing Minn. R. Crim. P. 28.04, subd. 2 ). In order to appeal the pretrial order, the state "must show 'how the district court's alleged error, unless reversed, will have a critical impact on the outcome of the trial.' " State v. Osorio , 891 N.W.2d 620, 626-27 (Minn. 2017) (quoting Minn. R. Crim. P. 28.04, subd. 2(2)(b) ). The critical-impact requirement is satisfied when a district court's pretrial decision leads to the dismissal of a charge. State v. Burbach , 706 N.W.2d 484, 487 n.1 (Minn. 2005) ; see State v. Wiltgen , 737 N.W.2d 561, 566 n.3 (Minn. 2007) (noting that the suppression of evidence *10 used to enhance a driving-while-impaired charge satisfied the critical-impact requirement because it directly led to the dismissal of the enhanced charge). For the reasons stated below, the dismissal of a proffered aggravating sentencing factor is akin to the dismissal of an enhanced charge. We therefore consider the merits of the state's appeal.
We review a district court's factual findings in a pretrial order for clear error and review its legal determinations de novo. State v. Lugo , 887 N.W.2d 476, 483 (Minn. 2016) ; State v. Gauster , 752 N.W.2d 496, 502 (Minn. 2008). If the facts are not in dispute, we independently review those facts and any legal conclusions drawn therefrom. Lugo , 887 N.W.2d at 484. We "construe and interpret de novo" the Minnesota Rules of Criminal Procedure. State v. Barrett , 694 N.W.2d 783, 785 (Minn. 2005).
The crux of this appeal is whether the district court applied the correct standard when it determined that the state's proffered evidence was insufficient to support the state's proposed aggravating factors. The state argues that the district court erred by failing to apply the probable-cause standard. Respondent argues that the district court applied a legally correct standard, but even if the district court should have applied the probable-cause standard, the evidence was insufficient to present the factors to the jury for consideration.
Minn. R. Crim. P. 7.03 requires the state to provide written notice of its intent to seek an aggravated sentence at least seven days before an omnibus hearing. "[T]he state is not limited to factors specified in the Sentencing Guidelines provided the state provides reasonable notice to the defendant and the district court ... of the factors on which the state intends to rely." Minn. Stat. § 244.10, subd. 4 (2016). If the state gives notice of its intent to seek an aggravated sentence, the district court "must determine whether the law and proffered evidence support an aggravated sentence." Minn. R. Crim. P. 11.04, subd. 2(a). The comment to the rule provides that the district court must determine two issues: "whether the proposed grounds legally support an aggravated sentence" and whether "the proffered evidence is sufficient to proceed to trial." Minn. R. Crim. P. 11 cmt. The comment to rule 11 recognizes that rule 11.04, subdivision 2, "does not provide a standard for determining insufficiency of the evidence claims and that is left to case law development." Id. Minnesota appellate courts have not previously addressed the standard a district court must employ in making a pretrial determination of whether aggravating factors may be presented to the jury.
In Apprendi v. New Jersey , the Supreme Court extended the requirement of a jury determination of proof beyond a reasonable doubt to all facts that increase the prescribed range of penalties to which a defendant is exposed for a charged offense. 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000). The Supreme Court explained that elements of a crime and sentence-enhancement factors are functionally equivalent, and a state may not escape the requirement of a jury determination of the facts used to enhance a sentence by labeling the facts as sentencing factors. Id. at 485, 494 n.19, 120 S.Ct. at 2360, 2365 n.19. The Supreme Court noted that, because a sentence-enhancement factor increases the sentence beyond the maximum authorized statutory sentence, "it fits squarely within the usual definition of an 'element' of the offense." Id. at 494 n.19, 120 S.Ct. at 2365 n.19.
In Blakely v. Washington , the Supreme Court applied Apprendi to a case that involved a district court's deviation from *11 the standard range provided by the state's sentencing guidelines. 542 U.S. 296, 299, 303, 124 S.Ct. 2531, 2535, 2537, 159 L.Ed.2d 403 (2004). The Supreme Court explained that "[w]hen a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his proper authority." Id. at 304, 124 S.Ct. at 2537 (quotation omitted). In Washington v. Recuenco , the Supreme Court indicated that, on appeal, the failure to submit a sentencing factor to the jury will be treated the same as an omission of an element. 548 U.S. 212, 220-22, 126 S.Ct. 2546, 2552-53, 165 L.Ed.2d 466 (2006) ("Assigning this distinction constitutional significance cannot be reconciled with our recognition in Apprendi that elements and sentencing factors must be treated the same for Sixth Amendment purposes."). And in Alleyne v. United States , the Supreme Court applied Apprendi 's holding to any facts that increased the mandatory minimum sentence for a charge. 570 U.S. 99, 103, 133 S.Ct. 2151, 2155, 186 L.Ed.2d 314 (2013). The Supreme Court explained that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." Id. The Supreme Court further explained that "the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime" and that, by defining the facts that increase the mandatory minimum sentence "to be part of the substantive offense enables the defendant to predict the legally applicable penalty from the face of the indictment." Id. at 113-14, 133 S.Ct. at 2161.
Because the United States Supreme Court has recognized that the facts used to enhance a sentence are elements of "a new, aggravated crime" and "part of the substantive offense," the state argues that probable cause is the correct standard to determine whether aggravating factors may be presented for jury determination, because both the elements of a crime and the facts underlying an aggravating factor must be proved beyond a reasonable doubt at trial. The state's argument that the appropriate standard is probable cause is compelling. The supreme court has indicated that probable cause is required for every element of the crime charged. State v. Lopez , 778 N.W.2d 700, 704 (Minn. 2010) (indicating that a charge will not be dismissed for lack of probable cause if there is a fact question for the jury's determination on every element of the charged offense); State v. Rud , 359 N.W.2d 573, 579 (Minn. 1984) (indicating that a charge will not be dismissed if there is evidence that would justify denial of a motion for a directed verdict of acquittal); see State v. Koenig , 666 N.W.2d 366, 376 (Minn. 2003) (Page, J., dissenting) ("[T]he state must establish probable cause for each element of the charged offense."). If probable cause is required for every element of the offense, it stands to reason that this requirement should extend to factors used to enhance a sentence. We therefore hold that the probable-cause standard applies when determining whether the law and proffered evidence support submission of an aggravating sentencing factor to the jury under Minn. R. Crim. P. 11.04, subd. 2(a).
We now turn to the district court's consideration of the state's two proffered aggravating factors, applying the probable-cause standard to the facts found by the district court. We review the factual findings underlying a probable-cause determination for clear error, and review the district court's application of the legal standard of probable cause to those facts de novo. Lopez , 778 N.W.2d at 703.
"[T]he test of probable cause is whether the evidence worthy of consideration *12 ... brings the charge against the prisoner within reasonable probability." State v. Florence , 306 Minn. 442, 446, 239 N.W.2d 892, 896 (1976) (quotation omitted). Courts must "view the evidence and all resulting inferences in favor of the [s]tate." State v. Peck , 773 N.W.2d 768, 770 n.1 (Minn. 2009) ; see State v. Barker , 888 N.W.2d 348, 354 (Minn. App. 2016) (indicating that probable cause may be based on circumstantial evidence). When considering whether the facts that appear in the record are sufficient, the district court must determine, "whether, as a matter of law, the evidence is sufficient to present a fact question for the jury's consideration." State v. Trei , 624 N.W.2d 595, 598 (Minn. App. 2001) (quoting Paradise v. City of Minneapolis , 297 N.W.2d 152, 155 (Minn. 1980) ), review dismissed (Minn. June 22, 2001).
The Minnesota Sentencing Guidelines include a "nonexclusive list of factors that may be used as reasons for departure." Minn. Sent. Guidelines 2.D.3 (2016). The list of factors is intended to be illustrative and is not intended to be exhaustive. Id. , cmt. 2.D.301. "The factors are intended to describe specific situations involving a small number of cases." Id. Both of the state's proposed grounds in this case are listed as aggravating factors in the guidelines: "[t]he offense was committed in the presence of a child" and "[t]he offender is being sentenced as a 'dangerous offender who commits a third violent crime' under Minnesota Statutes, section 609.1095, subdivision 2 [2016]." Id. , 2.D.3.b.(8), (13).
The presence-of-a-child factor may be satisfied in two ways: a child actually saw, heard, or otherwise witnessed the commission of the crime; or a victim was more vulnerable due to the presence of children. State v. Vance , 765 N.W.2d 390, 393-94 (Minn. 2009). In State v. Robideau , the supreme court reversed a departure based on the presence-of-a-child factor because the child did not witness the commission of the crime, although the child was in the home during the commission of the offense. 796 N.W.2d 147, 152 (Minn. 2011). In so doing, the supreme court indicated that a child must actually witness "some portion" of the crime's commission through seeing, hearing, smelling, feeling, or some other sensory perception. Id.
The state argues that the district court erred by failing to consider the presence-of-a-child factor in broader terms than those discussed in Vance and Robideau , noting that the guidelines do not contain an exhaustive list of aggravating factors. The state argues that the presence-of-a-child factor may be satisfied by a child's "mere presence in proximity to drug trafficking." We decline to adopt the state's broader interpretation of the presence-of-a-child factor, and adhere to the requirements articulated in Robideau .
However, applying the probable-cause standard to the facts before the district court, we reverse the district court's conclusion that the law and proffered evidence does not support presenting this aggravating factor to the jury. Examining the facts presented to the district court and the inferences drawn therefrom in the light most favorable to the state, the state presented sufficient direct and circumstantial evidence to present a fact question to the jury on whether one or more of the crimes were committed in the presence of a child. The evidence indicates that respondent stored drugs in his home and conducted drug sales from his home. On multiple occasions, respondent sold drugs while his children were present in the home. The children interacted with the drug purchaser immediately before and after drug transactions. On one occasion, a minor teenager was present in the home when a buyer transferred money to respondent *13 and discussed purchasing additional drugs. On another occasion, a child was left unattended with over 180 grams of cocaine in the home. The direct evidence, and the inferences drawn therefrom, are sufficient to present a fact question to the jury on whether a child witnessed the crimes.
We likewise hold that the district court erred in concluding that the state failed to present sufficient evidence to present the dangerous-offender factor to the jury. The dangerous-offender factor requires the district court to determine whether the offender has two or more prior convictions for violent crimes, and the fact-finder to determine whether the offender is a danger to public safety. Minn. Stat. § 609.1095, subd. 2(2). The latter determination may be based on "the offender's past criminal behavior, such as [a] high frequency rate of criminal activity ... or long involvement in criminal activity." Id. , subd 2(2)(i). It may also be based on "the fact that the present offense of conviction involved an aggravating factor that would justify a durational departure." Id. , subd. 2(2)(ii).
The state presented evidence of respondent's 20-year history of criminal activity, including a history of violent crimes. The district court concluded that respondent did not pose a danger to public safety after comparing respondent's criminal history with the facts of two pre- Blakely cases, State v. Branson , 529 N.W.2d 1 (Minn. App. 1995), review denied (Minn. Apr. 18, 1995), and State v. Kimmons , 502 N.W.2d 391 (Minn. App. 1993), review denied (Minn. Aug. 16, 1993). The district court found that respondent did not pose a danger to public safety because he did not commit any serious crimes during lengthy periods of time, and he was not incarcerated for long periods of time between his crimes. But in Kimmons , we rejected the argument that the "long involvement in criminal activity" factor required "a continuous pattern of offenses throughout one's life." 502 N.W.2d at 396. We concluded that the legislature did not intend to limit the statute's application to cases demonstrating a continuous pattern of offenses or violent criminal acts. Id. at 395-96.
Here, the state was not required to provide evidence of a continuous pattern of unlawful behavior over respondent's 20-year history of criminal activity. Moreover, by weighing the evidence of appellant's prior criminal acts against his periods of lawful behavior, the district court infringed upon the province of the jury. See State v. Henderson , 706 N.W.2d 758, 762 (Minn. 2005) (requiring a jury, rather than the district court, to determine whether the defendant's history of bad acts constituted a pattern of criminal behavior under the career-offender statute, Minn. Stat. § 609.1095, subd. 4 (2004) ). We conclude that the state presented sufficient evidence of respondent's long history of criminal involvement to present a fact question to the jury on whether respondent presents a danger to public safety. The district court erred in concluding that the state had not proffered sufficient evidence to satisfy this factor.[1]
DECISION
Because aggravating factors are elements of a crime that operate to enhance a sentence, the probable-cause standard applies when determining whether the law and proffered evidence support submission *14 of an aggravating sentencing factor to the jury under Minn. R. Crim. P. 11.04, subd. 2(a). Because the district court failed to apply the probable-cause standard when reviewing the state's proposed aggravating factors, we reverse.
Reversed.

There is sufficient evidence at this stage in the proceedings to allow these fact questions to be presented to a jury. However, if the jury ultimately finds facts that would support an aggravated sentence, the "court may exercise discretion to depart but is not required to depart." State v. Jackson , 749 N.W.2d 353, 360 (Minn. 2008).