**Herman JOHNSON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 5, 1971.

John Tim McCall, Louisville, for appellant.

John B. Breckinridge, Atty. Gen., Douglas E. Johnson, Special Asst. Atty. Gen., Frankfort, for appellee.

OSBORNE, Judge.

The appellant, Herman Johnson, was convicted of rape and sentenced to life imprisonment. Arising out of the same incident, he was also charged with and convicted of carrying concealed a deadly weapon and sentenced to two years in prison.

The facts of the case briefly stated are as follows: On June 27, 1967, Dorothy Allen was coming home from a tavern early in the morning. She testified that she was accosted by a person, whom she later identified as appellant; that he hit her on the head with a gun and forced her into a mail truck, where she was raped. Miss Allen testified that after the rape took place the appellant fell asleep and she was, thereby, able to make her escape from the truck. After leaving the truck, she summoned the police. When they arrived at the scene, they found appellant in the truck and in the front pocket of his trousers was the

pistol. As soon as they took him from the truck, they took a picture of him.

Upon the trial of the case the foregoing facts were testified to by Dorothy Allen and by the police officers who were present at the scene and made the arrest.

Appellant was represented upon the original trial and upon this appeal by appointed counsel, however, they are not the same. Counsel who represented him upon the trial was allowed to withdraw from the case and new counsel was appointed for the purpose of this appeal. From examining the record it is our opinion that he had not only adequate but excellent representation both at the trial and upon appeal. The problem we are faced with here is that he presented no defense. This being brought about obviously by the fact that, in reality, he had no defense. However, counsel upon the appeal does raise some issues. Weak though they may be, we will consider them.

■ 1. Was the gun seized as the result of an illegal search and seizure?

Obviously, the answer to this is no. Police officers have a right to frisk one, who is arrested for probable cause, for weapons. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Also, Phillips v. Commonwealth, Ky., 473 S.W. 135, rendered November 5, 1971.

■ 2. Appellant contends the trial court erred in admitting the photograph made of him at the time of arrest as it shows the fly of his trousers undone and his privates exhibited.

Photographs taken of the accused at the scene of the crime are generally admissible. See 23 C.J.S. Criminal Law § 852(1), Wharton's Criminal Evidence § 687; Kelley v. State, Ind., 110 N.E.2d 860. It appears the photograph in this instance was relevant as it portrayed the accused, as he was found at the scene of the crime, in a condition from which it could be inferred

he had been engaged in sexual intercourse and possibly rape. This confirmed the testimony of the prosecutrix and, therefore, was relevant to the issue before the court.

Judgment affirmed.

All concur.