# STATE v. LeROY J. PIRI.

204 N. W. 2d 120.

January 26, 1973—No. 42931.

*C. Paul Jones,* State Public Defender, and *Philip Marron,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, and *Keith M. Brownell,* County Attorney, for respondent.

Heard before Knutson, C. J., and Rogosheske, Peterson, and Todd, JJ.

TODD, JUSTICE.

Defender appeals from judgment of conviction of attempted escape from lawful custody, Minn. St. 609.17, subd. 1, and 609.485, subd. 2(1), and from the denial of his motion for a new trial. He also challenges sentencing procedures which increased his term of sentence as a dangerous offender. We affirm with modification of the sentence.

Defendant was arrested on January 6, 1970, and charged with the crimes of aggravated rape, aggravated assault, and burglary. On January 21, 1970, following a preliminary hearing, he was bound over to district court for trial and was confined in the St. Louis County jail in lieu of bail of $10,000.

On the night of January 22, one of the jailers went to the third-floor cell block for purposes of transferring a "trustee" back to his cell. Upon reaching the third floor, the jailer went to a control box which electronically controlled the doors in the cell block and proceeded to gain access to the main cell block. As he entered the main cell block, defendant and another inmate came out of the shower stall area and defendant struck the jailer in the forehead with a sock full of soap, rendering the jailer temporarily unconscious. The jailer testified that the next thing he

remembered he was lying on the floor with the defendant kicking him in the head and that he called out to one of the other jailers, who heard his call and notified the police department that there was a jail break in progress. As the jailer lay on the floor, he observed the other inmate attempting to operate the levers to open the main cell-block door and heard the defendant call out to "hurry up and get the gate open" and to come over and help defendant "shut that son of a bitch up." About this time the other jailer arrived at the cell block, rendered the other inmate unconscious with a blow from a billy club, and rendered defendant semiconscious by striking him with the club; he then succeeded in placing defendant back in confinement.

Defendant was arraigned and charged with attempted escape from jail. He was then tried on the original charges and found not guilty. He was subsequently tried on the charge of attempted jail escape and found guilty, and this appeal follows.

■ At a pretrial hearing, defendant's attorney objected to inclusion in the information of the nature of the charges against defendant and notification of them to the jury. He also challenged the indictment on the grounds that defendant was not in lawful custody at the time of the alleged escape. Defendant's attorney further argued that if the original charges were to be given to the jury, then he was entitled to argue that defendant had been acquitted of these charges. The court denied defendant's motions, indicating that any circumstances, including the finding of acquittal which occurred after the alleged attempted jail break, were immaterial and could not therefore be introduced at trial. The information, which identified the original charges, was twice read to the jury—once at the time of its impaneling, and once in the court's final instructions. The state was allowed to introduce as an exhibit the warrant of commitment, and the prosecuting attorney also referred to the charges in his final argument.

Defendant contends that the introduction into evidence of the

nature of the offenses for which he was being held in jail was so inflammatory as to deny him a fair trial.

The issue raised by the defendant has been raised in this court before in State v. Jones, 266 Minn. 526, 124 N. W. 2d 729 (1963). In that case, the defendant was being held in a county jail on a charge of rape. He successfully escaped from the jail, was recaptured, and was tried for escape. Jones contended that it was error for the trial court to permit the admission of the information charging him with the crime of rape; that such evidence emphasized in the minds of the jury the details of the rape charge pending against him; and that it invited biased inferences by the jury not based upon material and relevant evidence. There the clerk of court had testified that the defendant had been charged with the crime of rape and the sheriff had also testified that he had taken the defendant into custody on a charge of rape. In that case we held (266 Minn. 531, 124 N. W. 2d 732):

"It is our opinion under the record here that it was not good practice for the trial judge to overrule defendant's objection to the admission of the information charging defendant with the crime of rape. The testimony of the clerk of court and of the sheriff amply informed the jury as to the nature of the crime with which defendant was charged. While the information was relevant and admissible for the purpose of showing that the defendant was in custody under a felony charge for the crime of rape, it was only cumulative with the other testimony and might have had some prejudicial effect, especially where the details are revealed. However, our examination of the record satisfies us that prejudice was not sufficiently demonstrated to warrant a reversal on that ground, especially where defendant did not concede that he was in lawful custody under a felony charge."

Minn. St. 609.485, subd. 2, provides in part as follows:

"Whoever does any of the following may be sentenced as provided in subdivision 4:

(1) Escapes while held in lawful custody on a charge or conviction of a crime; * * *."

The state contends that under this statute it is required to show as part of its proof that the defendant was held in lawful custody and charged with a crime. The state argues that this necessarily requires the inclusion of the nature of the crime with which he is charged. Defendant argues that it would be sufficient to charge in the information only that the defendant was held in lawful custody on a charge of a felony. As supporting authority, he cites State v. Stallings, 267 N. C. 405, 148 S. E. 2d 252 (1966). It should be noted that the North Carolina statute differs from the Minnesota statute in that the former specifically refers to a charge being a felony rather than a crime. We hold that it was error but not prejudicial error to list the specific charges in the information, and to read the information to the jury at the time of its impaneling and in the final charge by the court; and further, that the introduction of the order of commitment and the references by the prosecuting attorney in his final argument were not prejudicial to the defendant. There was more than adequate evidence to justify the findings of the jury in this case. The references to the nature of the charges for which defendant was being held were minimal and no emphasis was placed on these charges by the court or the prosecuting attorney. The court properly instructed the jury regarding its duty in finding the defendant guilty of the charges before it. In addition, it should be noted that it was defendant who placed in issue the question of his lawful custody and necessitated adequate proof by the state.

■ However, as indicated in State v. Jones, *supra,* this evidence can tend to be cumulative, although it was not so in the instant case. It is the better practice, and we direct this practice to be employed in the future, that informations and indictments charging a defendant with escape from custody allege that he was held in lawful custody on a charge or conviction of a crime constituting a felony, gross misdemeanor, or misdemeanor,

whichever is appropriate. At that time, it will be left to the defendant to determine whether he wishes to place in issue the question of the legality of his custody and thereby disclose the nature of his original incarceration.

■ We have examined the entire record and find that it adequately supports the trial court's denial of defendant's motion for judgment of acquittal or for a new trial. Accordingly, we affirm the trial court's holding on this point.

■ Defendant further challenges the sentence of the trial court extending his term for 15 years as a dangerous offender pursuant to Minn. St. 609.155 and 609.16. Minn. St. 609.16 provides as follows:

"A sentence to an extended term of imprisonment under section 609.155 shall not be imposed unless:

(1) At the instance of the prosecuting attorney or by order of the court on its own motion, written notice is served by the prosecuting attorney on the defendant or his attorney personally setting forth the prior convictions and advising the defendant that the court may sentence him to an extended term of imprisonment for the crime of which he has been convicted and that he is entitled to be heard thereon if he denies such prior convictions or brings in issue any matter in the presentence report, and fixing a time not less than five days after service of such notice for such hearing and sentence.

(2) A summary hearing is thereafter held pursuant to such notice at which evidence for and against the imposition of a sentence for an extended term may be received and at which the defendant is entitled to be heard on the issues raised and to be represented by counsel.

(3) The court finds on the basis of such hearings, the defendant's admissions, the evidence at the trial and the presentence report:

(a) That the defendant was previously convicted of one or more of the crimes specified in section 609.155; and

(b) That the defendant is disposed to the commission of

criminal acts of violence and that an extended term of imprisonment is required for his rehabilitation or for the public safety."

Following the judgment of conviction, the prosecutor properly served written notice upon defendant and his attorney setting forth the prior convictions, stating that the state would request the court to sentence defendant to an extended term as a dangerous offender and advising defendant and his counsel of defendant's right to be heard if he denied the prior convictions or wished to place in issue any part of the presentence report. The statutory proceeding here involved replaced our former proceedings which called for separate jury trial on the habitual offender issue. When proceedings under the statute were held, the prosecution introduced the presentence report which included the alleged prior convictions of defendant. Defendant indicated that he did not dispute the issue of prior felony convictions and did not challenge any of the matters contained in the presentence report. The prosecution offered no further evidence. The defendant then claimed that the prosecution had failed to establish the items contained in the presentence report, alleging, among other things, that certified copies of the judgment of convictions had not been obtained. Defendant further alleged that the state had not sustained its burden of proof beyond a reasonable doubt. At the time of the introduction of the evidence, defendant did not choose to deny the prior convictions and did not bring into issue any matter in the presentence report.

Under these facts, we hold that the state has sustained its burden of proof and that the proof required shall be only a fair preponderance of the evidence. The trial court further found that defendant is disposed to the commission of criminal acts of violence and that an extended term of imprisonment is required for his rehabilitation and for the public safety. This finding is adequately sustained by the information contained in the presentence report. The trial court was then entitled to proceed to sentence defendant as a dangerous offender.

Defendant had the simple remedy of placing into issue the mat-

ters he now raises in this court. He merely had to challenge the fact of the prior convictions or the validity of the presentence report. If this prerequisite had been fulfilled, the court would have had to adjourn the hearing and require the prosecution to produce evidence to establish by a fair preponderance thereof the validity of the prior convictions, the fact that the defendant was the person involved in the prior proceedings, and that said crimes did constitute felonies under our statute. However, to require the prosecution to gather all such material in each case without knowing in advance whether defendant disputes any of these items would place an unreasonable burden upon the state. It is far more reasonable and fully protective of the rights of any defendant to require him to put into issue any matters presented by the state and upon which he has been served adequate notice. This was not done in the instant case.

■ The trial court, having made the above determination, proceeded to sentence defendant to a term of 5 years for the crime of escape and to a separate term of 15 years as a dangerous offender, the two terms to run concurrently. The second sentence imposed by the court is improper under our statutes. An increased sentence under Minn. St. 609.155 as a dangerous offender is not a separate crime; rather, a dangerous offender is subject to an increased sentence for the crime with which he is being charged. State ex rel. Hansen v. Rigg, 258 Minn. 388, 104 N. W. 2d 553 (1960). In this case, the proper maximum sentence would have been a sentence of 15 years for escape from jail.

The judgment of the trial court is affirmed, but the matter is remanded to the trial court for sentencing in accordance with this opinion.

Affirmed and remanded.