STATE of Minnesota, Respondent,

v.

Nathaniel MOLIN, Appellant.

No. 49090.

Supreme Court of Minnesota.

Dec. 14, 1979.

C. Paul Jones, Public Defender, and Kathleen E. Rauenhorst, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief Asst. County Atty., Appellate Division, David W. Larson, Thomas A. Weist and Janeen E. Rosas, Asst. County Attys., Minneapolis, for respondent.

SHERAN, Chief Justice.

Defendant was found guilty by a district court jury of burglary, Minn.Stat. § 609.58, subd. 2(1)(b) (1976) (unlawful entry of a dwelling with intent to commit a crime where defendant possesses a dangerous weapon when entering or while in the building commits an assault upon a person therein) and criminal sexual conduct in the third degree, § 609.344(c, d) (1976) (engaging in sexual penetration without consent either by using force or coercion or by perpetrating an act upon a physically helpless person). The trial court sentenced defendant to a term of 20 years for the burglary, which the court then extended to 40 years under the dangerous offender statute, §§ 609.155 and 609.16, and to a concurrent term of 10 years for the sexual offense. On this appeal defendant contends (1) that the trial court erroneously excluded defense evidence bearing on penetration and that the state's evidence on penetration was legally insufficient, (2) that the trial court erred in admitting certain photographic evidence, (3) that the trial court erred in refusing to give a specific instruction dealing with the defense of mistake, and (4) that the evidence was insufficient to justify imposition of an extended term. We affirm.

■ There is no merit to defendant's claim that the trial court erroneously excluded defense evidence bearing on penetration and that the state's evidence on penetration was legally insufficient. See § 609.-347, subd. 3 (1976), and State v. Reichenberger, 289 Minn. 75, 182 N.W.2d 692 (1970).

■ Similarly, there is no merit to defendant's contention that the evidence was insufficient to justify an extended term. See State v. Michaud, 276 N.W.2d 73 (Minn. 1979).

■ Defendant's contention that certain photographic evidence was erroneously admitted is answered by reference to Minn.R. Evid. 403, which provides that in determining admissibility of relevant evidence the trial court should determine whether the probative value of the evidence is substantially outweighed by the potential of the

evidence for unfair prejudice. Here the probative value of the photographic evidence substantially outweighed the potential of the evidence for unfair prejudice. *See also Johnson v. Commonwealth*, 472 S.W.2d 695 (Ky.1971), which, factually and legally, is in point.

Finally, defendant contends that the trial court erred in refusing to give a requested instruction on the defense of mistake. As stated in W. LaFave and A. Scott, *Criminal Law* § 47 (1972), "Instead of speaking of ignorance or mistake of fact or law as a defense, it would be just as easy to note simply that the defendant cannot be convicted when it is shown that he does not have the mental state required by law for commission of that particular offense." This being so, the trial court was not required to specifically give a mistake instruction so long as the court instructed the jury adequately on intent, which the court did. In this respect, this case is similar to *State v. Schluter*, 281 N.W.2d 174, 176–77 (Minn. 1979), where, in rejecting a claim by the defendant on appeal that the trial court should have given an instruction that homicide is excusable when committed by accident, we stated as follows:

> It is true that "a party is entitled to an instruction on his theory of the case if there is evidence to support it." *State v. Ruud*, 259 N.W.2d 567, 578 (Minn.1977). But it is also true that "The court need not give the instruction as requested by the party if it determines that the substance of that request is contained in the court's charge." Id. Here the court made it very clear that the jury could not convict defendant of either second-degree murder or first-degree manslaughter unless the jury was convinced the defendant intentionally killed [the victim].

Since the trial court in this case adequately instructed the jury on intent, we hold that it did not err in denying the requested instruction on mistake.

Affirmed.