**STATE of Minnesota, Plaintiff,**

v.

**Joseph Peter LANDHERR, Defendant.**

No. C2–95–1638.

Court of Appeals of Minnesota.

Jan. 30, 1996.

Review Denied March 19, 1996.

Hubert H. Humphrey, III, Attorney General, St. Paul, Robert R. Benson, Fillmore County Attorney, Preston, for plaintiff.

Duane A. Kennedy, Rochester, for defendant.

Considered and decided by LANSING, P.J., and PARKER and NORTON, JJ.

**OPINION**

NORTON, Judge.

Joseph Peter Landherr was charged with attempted manslaughter in the first and sec-

ond degrees and reckless discharge of a firearm after he shot and injured a person with a firearm as a result of negligently believing the person was a wild turkey. The victim, Bob Murphy, survived his critical injuries. The trial court dismissed the attempted manslaughter charges and certified to this court the question of whether it correctly dismissed the charge of attempted second-degree manslaughter. We believe negligence and intent to commit a crime are inconsistent; therefore we affirm the dismissal and answer the certified question in the affirmative.

## ISSUE

May an individual be guilty of attempted manslaughter in the second degree if he shoots at another with a firearm while believing the other person to be a wild animal, but the person so shot does not die as a result of the shooting?

## ANALYSIS

The issue here involves application of the attempt and manslaughter statutes. The attempt statute provides:

Whoever, with intent to commit a crime, does an act which is a substantial step toward, and more than preparation for, the commission of the crime is guilty of an attempt to commit that crime * * *.

Minn.Stat. § 609.17, subd. 1 (1994). With regard to the crime of manslaughter in the second degree, the statute provides:

A person who causes the death of another by any of the following means is guilty of manslaughter in the second degree * * *:

(1) by the person's culpable negligence whereby the person creates an unreasonable risk, and consciously takes chances of causing death or great bodily harm to another; or

(2) by shooting another with a firearm or other dangerous weapon as a result of negligently believing the other to be a deer or other animal; or

(3) by setting a spring gun, pit fall, deadfall, snare, or other like dangerous weapon or device; or

(4) by negligently or intentionally permitting any animal, known by the person to have vicious propensities or to have caused great or substantial bodily harm in the past, to run uncontrolled off the owner's premises, or negligently failing to keep it properly confined.

Minn.Stat. § 609.205 (1994). Here, the state charged Landherr with a violation of paragraph (2) of the statute.

■ Attempt to commit a certain crime requires proof that the defendant specifically intended to commit that particular crime. *State v. Zupetz,* 322 N.W.2d 730, 735 (Minn. 1982). The supreme court has determined that these crimes do not exist in Minnesota: attempted murder in the third degree under Minn.Stat. § 609.195, attempted first-degree manslaughter under Minn.Stat. § 609.20(2), and attempted second-degree manslaughter under Minn.Stat. § 609.205(1). *State v. Dahlstrom,* 276 Minn. 301, 307–08, 150 N.W.2d 53, 58–59 (1967). Third-degree murder, as defined by the statute applied in *Dahlstrom,* involved "the death of another" where the actor acted "without intent to effect the death of any person." *Id.* at 307 n. 1, 150 N.W.2d at 58 n. 1 (quoting Minn.Stat. § 609.195). The court could not envision circumstances that would constitute attempted third-degree murder "where the actor did not intend the death of anyone and where no death occurred." *Id.* at 307, 150 N.W.2d at 59. The court also determined there can be no attempt to commit first-degree manslaughter under section 609.20(2), which punishes an actor who

[c]auses the death of another in committing or attempting to commit a crime with such force and violence that death of or great bodily harm to any person was reasonably foreseeable, and murder in the first or second degree was not committed thereby.

*Id.* at 308 n. 3, 150 N.W.2d at 59 n. 3 (quoting Minn.Stat. § 609.20(2)). Nor could there be an attempt to commit second-degree manslaughter as defined by section 609.205(1) which punishes culpably negligent conduct that results in death. *Id.* at 308, 150 N.W.2d at 59.

The state correctly notes that *Dahlstrom* concerned a different provision in the second-degree manslaughter statute from that which the state seeks to apply here. Specifically, the section of the statute applied in *Dahlstrom* concerned an unintentional discharge of a firearm, whereas here, discharge of the firearm was intentional. *Compare* Minn. Stat. § 609.205(1) ("person creates an unreasonable risk, and consciously takes chances of causing death or great bodily harm") *with* Minn.Stat. § 609.205(2) ("shooting another with a firearm" while "negligently believing the other to be a deer or other animal").

Application of the attempt statute to paragraph (2) of the second-degree manslaughter statute is an issue of first impression in Minnesota. We, however, discern no basis to conclude an individual can commit attempted manslaughter under that paragraph.

 "It is well established * * * that a criminal statute must be definite enough to give notice of the conduct required to anyone who desires to avoid its penalties." *Dahlstrom*, 276 Minn. at 308–09, 150 N.W.2d at 59. Accordingly, the court in *Dahlstrom* defined the attempt statute restrictively when applied to attempted manslaughter. *Id.* at 309, 150 N.W.2d at 60. The supreme court quoted numerous authorities to support its restrictive definition. *Id.* at 309–10, 150 N.W.2d at 60. Among those quoted authorities, we take special note of the following:

> "Recklessness and negligence are incompatible with desire or intention. Where, therefore, in a crime which by definition may be committed recklessly or negligently but not intentionally, the recklessness or negligence relates not to a pure circumstance but to a consequence, it is impossible to conceive of an attempt. Thus there can be no attempt to commit involuntary manslaughter. The consequence involved in that crime is the death of the victim and an act done with intent to achieve this, if an attempt at all, is attempted murder. It is of the essence of involuntary manslaughter that the consequence be produced either recklessly or negligently, but not intentionally."

*Id.* at 310 n. 10, 150 N.W.2d at 60 n. 10 (quoting J.C. Smith, *Two Problems in Criminal Attempts*, 70 Harv. L.Rev. 422, 434 (1957)). This rationale applies with equal force where, as here, the essence of manslaughter under Minn.Stat. § 609.205(2) is that the death of a person is produced by the actor's negligent belief the person is an animal, not a human being.

> "An attempt" * * * requires that the actor have an intent to perform acts and attain a result which if accomplished would constitute the crime. Acts to constitute an attempt must unequivocally demonstrate that the actor has such intent and would have committed the crime excepting for the intervention of another person or some other extraneous factor. Homicide by reckless conduct does not require an intent to attain a result which if accomplished would constitute a crime; and consequently, *one cannot attempt to commit a crime which only requires reckless conduct and not a specific intent.*

*Zupetz*, 322 N.W.2d at 735 (quoting *State v. Melvin*, 49 Wis.2d 246, 181 N.W.2d 490, 492 (1970)) (emphasis added in *Zupetz*).

The elements of the second-degree manslaughter statute that applies here are: (1) a person is killed by a shot from a firearm or other dangerous weapon, (2) the death was the direct result of being shot by a firearm or dangerous weapon in the hands of the defendant, and (3) the defendant shot the victim, negligently believing him to be a deer or other animal. *State v. Crace*, 289 N.W.2d 54, 58 (Minn.1979); Minn.Stat. § 609.205(2). But it is a logical impossibility to commit attempted second-degree manslaughter under paragraph (2) of the statute, because the intent involved in the culpable negligence of shooting at what one negligently believes is a wild animal is not the same kind of specific intent required in an attempt to commit a crime. "Specific intent that would give rise to an attempt to commit a certain crime is the intent to commit that *particular* crime." *Zupetz*, 322 N.W.2d at 735.

 To us, as to the supreme court in *Zupetz*, it seems "illogical that someone could intend to cause someone else's death through negligence * * *." *Id.* Where, as here, an individual shoots at what he negligently be-

lieves is an animal, he cannot have the intent to hit or kill a person. We hold that an individual cannot be charged with attempted manslaughter under Minn.Stat. § 609.205(2). *Cf. id.* (holding that intent to use a loaded gun in a reckless manner does not constitute specific intent to kill a person and therefore does not constitute attempted manslaughter under Minn.Stat. § 609.205(1)); *see also State v. Moore*, 458 N.W.2d 90, 94 (Minn. 1990) (reversing conviction, holding that jury returned inconsistent verdicts of premeditated murder and second-degree manslaughter, because it is impossible for an individual to have the specific intent to kill someone while also causing that person's death through negligence).

■ Landherr, while discharging his firearm at the victim, had no intent to commit any form of homicide, including manslaughter. He only intended to kill a turkey. Because he lacked the requisite specific intent to commit manslaughter (the killing of a person), his actions do not fit the definition of attempt set out in section 609.17, and he cannot be charged with attempted manslaughter in the second degree.

Finally, we find no merit to the state's argument that the manslaughter statute applied here is similar to the escape statute, a crime to which the attempt statute applies. *Cf. State v. Piri*, 295 Minn. 247, 249–51, 204 N.W.2d 120, 122–23 (1973) (attempted escape). The state notes that the escape statute does not contain a requirement of specific intent, but only requires intent to do an act that results in the departure from custody. *State v. Kjeldahl*, 278 N.W.2d 58, 61 (Minn. 1979). The state claims that Landherr's intent to discharge a firearm is somehow similar to an individual's commission of an act that constitutes attempted escape. We disagree. Unlike the manslaughter statute applied here, the escape statute does not require a showing of negligence. *Compare* Minn.Stat. § 609.205(2) *with* Minn.Stat. § 609.485 (1994) (defining escape as departure from custody without lawful authority or failure to return to custody following leave granted for specific purpose and limited time). Attempted escape does not involve the logical impossibility that occurs here

where an attempted manslaughter would require that a person achieve a specific result through negligence.

## DECISION

An individual who intentionally discharges a firearm and injures a person while negligently believing he is shooting at a wild animal cannot be guilty of attempted manslaughter in the second degree.

**Affirmed and certified question answered in the affirmative.**