*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0585**


State of Minnesota,
Respondent,

vs.

Victor Dupree Whitehead,
Appellant.


**Filed December 8, 2014
Reversed and remanded
Bjorkman, Judge**


Mower County District Court
File No. 50-CR-13-1476

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Kristen Nelsen, Mower County Attorney, Jeremy Clinefelter, Assistant County Attorney, Austin, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Amy Lawler, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Connolly, Presiding Judge; Bjorkman, Judge; and

Toussaint, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**BJORKMAN**, Judge

Appellant challenges his sentence for first-degree burglary, arguing that the district court erred in calculating his criminal-history score because it assigned him points for multiple out-of-state convictions when the state did not prove that he would have received the same points if he had committed the offenses in Minnesota.  We reverse and remand.

## FACTS

In January 2014, appellant Victor Whitehead pleaded guilty to first-degree burglary based on an incident on July 7, 2013.  Whitehead's pre-sentence investigation report (PSI) indicated a criminal-history score of 8, which included 4.5 points for five Illinois felonies:

| Date of Offense | Offense | Case Number | Date and Disposition | Criminal-History Points Assigned |
|---|---|---|---|---|
| 1/7/96 | Delivery of cocaine (0.19 grams) | 96CR0415101 | 8/6/96—5 years IDOC 12/27/96—paroled 2/13/98—revoked, return to prison 8/25/98—expired | 1 point |
| 5/9/96 | Receive/possess/ sell stolen vehicle | 96CR1555201 | 8/6/96—5 years IDOC 12/27/96—paroled 2/13/98—revoked, return to prison 8/25/98—expired | 1 point |
| 5/9/96 | Possession of cocaine (0.73 grams) | 96CR1546101 | 8/6/96—3 years IDOC 12/27/96—paroled 2/13/98—revoked, return to prison 8/25/98—expired | 0.5 points |

| 5/27/97 | Receive/possess/ sell stolen vehicle - - - - - - Possess burglary tools | 97CR1762501 | 2/10/98—4 years IDOC 5/4/99—paroled 12/23/00—revoked, warrant issued 5/24/01—expired | 1 point 1 point |
|---------|-------------|-------------|-------------------------------|-----------------|

The state did not present additional evidence regarding the Illinois convictions, but Whitehead did not dispute them and agreed that he has a criminal-history score of 8. The district court accepted Whitehead's plea and sentenced him to 92 months' imprisonment, the lowest presumptive sentence. Whitehead appeals.

## DECISION

We review a district court's determination of a defendant's criminal-history score for abuse of discretion. *State v. Stillday*, 646 N.W.2d 557, 561 (Minn. App. 2002), *review denied* (Minn. Aug. 20, 2002). Interpretation of the sentencing guidelines is subject to de novo review. *State v. Campbell*, 814 N.W.2d 1, 6 (Minn. 2012).

In calculating a defendant's criminal-history score, the district court assigns points for every felony conviction for which a felony sentence was stayed or imposed before the current sentencing, according to the current severity-level ranking of the prior offense. Minn. Sent. Guidelines 2.B.1.a. Points are assigned for both Minnesota felonies and felony convictions from other states. *See* Minn. Sent. Guidelines 2.B.5 (stating that section 2.B.1 governs the use of out-of-state convictions); *State v. Reece*, 625 N.W.2d 822, 824-25 (Minn. 2001) (stating that the sentencing guidelines "require that an offender's felony convictions under the laws of other states be included in the offender's Minnesota criminal history score"). But points are not assigned for felony convictions

3

that have decayed. *See* Minn. Sent. Guidelines 2.B.1.c (establishing 15-year felony decay factor).

The state must lay the foundation for a district court to use out-of-state convictions in calculating a defendant's criminal-history score. *State v. Maley*, 714 N.W.2d 708, 711 (Minn. App. 2006). "The state has the burden of proving by a preponderance of the evidence 'the facts necessary to justify consideration of out-of-state convictions in determining a defendant's criminal history score.'" *State v. Outlaw*, 748 N.W.2d 349, 355 (Minn. App. 2008) (quoting *State v. Griffin*, 336 N.W.2d 519, 525 (Minn. 1983)), *review denied* (Minn. July 15, 2008). Generally, this means establishing that the prior conviction was valid, the defendant was the person involved, and the crime would constitute a felony in Minnesota. *Griffin*, 336 N.W.2d at 525. The district court then assigns points to each out-of-state conviction based on "how the offender would have been sentenced had the offense occurred in Minnesota at the time of the current offense." *Reece*, 625 N.W.2d at 825.

Whitehead argues that the district court abused its discretion by assigning him criminal-history points for all five Illinois convictions because the state did not prove that (1) the current offense occurred less than 15 years after discharge or expiration of the sentences for his first three Illinois convictions and (2) all five Illinois offenses were separate behavioral incidents such that all five would receive felony sentences under Minnesota law. Whitehead did not present these issues to the district court at sentencing. Failure to raise an issue at trial generally results in waiver on appeal. *Outlaw*, 748 N.W.2d at 355. But as the state concedes, "a defendant may not waive review of his

4

criminal history score." *State v. Maurstad*, 733 N.W.2d 141, 147 (Minn. 2007). Accordingly, we address each of Whitehead's arguments in turn.

**Decay**

The sentencing guidelines provide that a prior "felony sentence or stay of imposition following a felony conviction must not be used in computing the criminal history score if a period of fifteen years has elapsed since the date of discharge from or expiration of the sentence to the date of the current offense." Minn. Sent. Guidelines 2.B.1.c. Whitehead argues that even though less than 15 years elapsed between expiration of the sentences for his first three Illinois convictions (August 25, 1998) and the current offense (July 7, 2013), the state did not prove that the Illinois sentences were not earlier discharged. We disagree. The decay period runs from either discharge from a sentence or expiration of a sentence. Discharge typically refers to the successful completion of probation, *see, e.g.*, Minn. Stat. § 609.13, subd. 1(2) (2012) (convictions deemed for lesser offenses if defendant placed on probation and "thereafter discharged without a prison sentence"), while expiration typically refers to the completion of a prison term and supervised release, *see, e.g.*, *State ex rel. Peterson v. Fabian*, 784 N.W.2d 843, 846 (Minn. App. 2010) (stating that an inmate's sentence expires upon completion of the terms of imprisonment and supervised release). But either acts as a cancellation or termination of the sentence. *See Black's Law Dictionary* 495 (8th ed. 2004) (defining "discharge"); *see also State v. Purdy*, 589 N.W.2d 496, 498 (Minn. App. 1999) (stating that the expiration of a sentence "operates as a discharge"). Because the

5

state established the expiration dates of the sentences in question, it satisfied its burden of proof with respect to the decay factor.

**Separate behavioral incidents**

Minnesota law generally bars multiple sentences for crimes that arise from a single behavioral incident. Minn. Stat. § 609.035, subd. 1 (2012); *State v. Bauer*, 792 N.W.2d 825, 827 (Minn. 2011). Consequently, an offender convicted of multiple offenses based on a single behavioral incident generally receives criminal-history points only for the most serious offense. *See* Minn. Sent. Guidelines 2.B.1 (requiring conviction and sentence for assignment of criminal-history points); *see also* Minn. Sent. Guidelines 2.B.1.d.(1) (limiting assignment of criminal-history points even when an exception to Minn. Stat. § 609.035 permits multiple sentencing).

There are two tests for determining whether offenses arose from a single behavioral incident; the test to be applied depends on whether the offenses involved are intentional crimes. *Bauer*, 792 N.W.2d at 827-28. But both tests turn on the facts and circumstances of the particular case. *State v. Hawkins*, 511 N.W.2d 9, 13 (Minn. 1994); *see State v. Bookwalter*, 541 N.W.2d 290, 295–96 (Minn. 1995) (stating that focus "is primarily on the defendant's conduct rather than the elements of the crimes committed," when determining if acts constitute a single behavioral incident). The state has the burden of proving the facts that establish the divisibility of a defendant's course of conduct for purposes of assigning criminal-history points to out-of-state convictions. *State v. McAdoo*, 330 N.W.2d 104, 109 (Minn. 1983).

Whitehead argues that the state did not establish the divisibility of all five Illinois convictions. This argument fails with respect to Whitehead's first Illinois offense, the January 7, 1996 delivery of cocaine. As the PSI indicates, that offense occurred four months prior to the next two Illinois offenses. The fact that his first three convictions were sentenced on the same day does not mean the offenses arose from the same incident. We conclude that the state provided sufficient information to establish that Whitehead's first Illinois offense was a distinct behavioral incident.

However, Whitehead's argument has merit with respect to his remaining Illinois convictions. The PSI indicates that Whitehead's second and third Illinois offenses—receiving, possessing, or selling a stolen vehicle and possessing cocaine—both occurred on May 9, 1996. But the offenses were charged separately, received separate dispositions, and involve wholly distinct elements. In short, the offenses are neither obviously part of the same behavioral incident nor obviously so distinct that they must be independent. *Cf. Mercer v. State*, 290 N.W.2d 623, 626 (Minn. 1980) (holding that the defendant could be sentenced for both the offenses of possession of a controlled substance and unlawful possession of a handgun even though the offenses were discovered at the same time because "nothing in the record reveals that either crime was in furtherance of the other or that defendant had a single criminal objective"). This record presents a fact issue as to whether Whitehead's second and third offenses are based on separate behavioral incidents.

The record concerning Whitehead's fourth and fifth offenses—receiving, possessing, or selling a stolen vehicle and possessing burglary tools—provides greater support to Whitehead's argument. The PSI indicates that he committed the offenses on the same day, May 27, 1997. They also were charged in one case and, most critically, appear to have resulted in a single sentence of four years' imprisonment. And the state concedes that the two convictions appear to "stem[] from the same incident." This record presents a fact issue as to whether Whitehead's fourth and fifth offenses are based on separate behavioral incidents.

Having concluded that the district court may have erred by assigning criminal points for each of Whitehead's Illinois convictions, we turn to the matter of remedy. Whitehead urges us to reverse and remand for resentencing, to allow the district court to consider whether his Illinois convictions involved separate behavioral incidents. The state contends that reversal and remand is improper because Whitehead did not raise these issues at sentencing and even agreed to his criminal-history score, so the district court acted properly on the record before it. And the state argues that Whitehead must prove his sentence is illegal to obtain relief. We are not persuaded by the state's argument.

The state relies on caselaw requiring a defendant who challenges the validity of prior convictions to indicate as much at sentencing so that the state can know what facts it must prove to justify reliance on the convictions. *See State v. Piri*, 295 Minn. 247, 253-54, 204 N.W.2d 120, 124-25 (1973). But the supreme court has since applied *Piri* more narrowly to clarify that the state must prove a defendant's prior convictions by a

preponderance of the evidence but need not provide certified copies of convictions to do so. *Griffin*, 336 N.W.2d at 525. And the court has expressly indicated that "a defendant may not waive review of his criminal history score calculation" and therefore cannot have his failure to object held against him. *Maurstad*, 733 N.W.2d at 146-48 (rejecting argument that unobjected-to criminal-history score should be reviewed under plain-error standard). Following *Griffin* and *Maurstad*, we have reversed and remanded a case involving an unobjected-to criminal-history score when the state failed to satisfy its burden of proof. *Outlaw*, 748 N.W.2d at 355-56 (permitting state to "further develop the sentencing record" on remand "so that the district court can appropriately make its determination").

The information in the PSI establishes that Whitehead's second and third convictions are for offenses that occurred on the same day, though they were charged separately and received separate sentences, and his fourth and fifth convictions are for offenses that not only occurred on the same day but were charged in the same complaint and for which only one sentence is indicated. Whitehead may not have argued to the district court that this evidence invalidated his criminal-history score, but the PSI plainly raises a factual issue that the state is required to address and the district court is required to resolve. *Cf. State v. Goff*, 418 N.W.2d 169, 172 (Minn. 1988) (requiring only "some evidence" that prior convictions may be invalid "to put the state to its burden of proof"). Accordingly, we reverse and remand for the district court to: (1) determine whether Whitehead was sentenced for each of his second through fifth Illinois convictions and whether each of the convictions would be sentenced under current Minnesota law,

9

(2) recalculate Whitehead's criminal-history score, and (3) resentence Whitehead if necessary.

**Reversed and remanded.**