*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0064**

State of Minnesota,
Respondent,

vs.

Burt Gregory Alan Stover,
Appellant.

**Filed October 17, 2016
Affirmed
Reyes, Judge**

Becker County District Court
File No. 03CR142335

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Tammy L. Merkins, Becker County Attorney, Detroit Lakes, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Chang Y. Lau, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Stauber, Presiding Judge; Reyes, Judge; and Toussaint, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**REYES**, Judge

Appellant challenges his 23-month sentence, asserting that the district court abused its discretion by accepting the state's evidence because it failed to establish the existence of his out-of-state convictions by a fair preponderance of the evidence. We affirm.

**FACTS**

On December 31, 2014, appellant Burt Gregory Alan Stover pleaded guilty to terroristic threats. The parties entered into a plea agreement, which included that the state would recommend a sentence at the bottom of the presumptive range under the sentencing guidelines. A presentence investigation (PSI) was completed which showed that appellant's criminal-history score was five. Neither party disputed the accuracy of the PSI. The district court sentenced appellant to prison for 23 months based on this criminal-history score.

Appellant filed a motion to correct his sentence pursuant to Rule 27.03, subd. 9, arguing that the district court erred by adopting the PSI when the state failed to meet its initial burden of "establish[ing] by a fair preponderance of the evidence the facts necessary" to include appellant's out-of-state convictions in Idaho, Virginia, and Oklahoma, and his probationary status in Virginia. Although appellant did not request an evidentiary hearing, the district court granted him one.

At the evidentiary hearing, appellant challenged the sufficiency of the evidence of his out-of-state convictions in his PSI. In addition to the information presented to appellant prior to the sentencing hearing, the state offered the testimony of Agent

2

Ringwelski, a probation agent, regarding her preparation of appellant's preplea worksheet and PSI. The state also introduced documentation evidencing appellant's criminal history in Idaho, Oklahoma, and Virginia. Based on the evidence, the district court denied appellant's motion to correct his sentence and determined that appellant was properly sentenced. This appeal follows.

## D E C I S I O N

Appellant argues that the state failed to establish his out-of-state convictions and probation violation by a fair preponderance of the evidence. He also argues that, because the state failed to meet its initial burden, it also failed to establish that his Oklahoma false-personation conviction constitutes a felony under Minnesota law and that his Idaho misdemeanor convictions did not arise from a single behavioral incident. As a result, appellant argues that the district court abused its discretion by including those convictions and therefore incorrectly calculated appellant's criminal-history score. We are not persuaded.

As an initial matter, although appellant failed to object to the calculation of his criminal-history score at the sentencing hearing, he is not precluded from bringing his motion to correct sentence. *State v. Maurstad*, 733 N.W.2d 141, 147 (Minn. 2007) (noting that "a defendant may not waive review of his criminal history score calculation" and may correct his score "at any time" (quotations omitted)). Additionally, appellant does not challenge the weight assigned to his previous out-of-state convictions or claim that the information was incorrect. He challenges only the sufficiency of the evidence.

## I.      Standard of review

When a district court calculates an offender's criminal-history score, it must take into consideration convictions from states other than Minnesota.  Minn. Sent. Guidelines 2.B.5 & cmt. 2.B.502 (2014).  The effect of the out-of-state conviction on the offender's criminal-history score generally is based on how the offender would have been treated if the prior out-of-state offense had occurred in Minnesota at the time the offense was committed.  Minn. Sent. Guidelines 2.B.5.b.  An out-of-state conviction may be treated as a felony for purposes of criminal history only if it would be defined as a felony under Minnesota law and the offender received a sentence that would constitute a felony-level sentence in Minnesota.  *Id.*

The state has the burden of proving "the facts necessary to justify consideration of [an] out-of-state conviction in determining a defendant's criminal history score." *State v. Outlaw*, 748 N.W.2d 349, 355 (Minn. App. 2008) (quotation omitted), *review denied* (Minn. July 15, 2008).  "The state must establish by a fair preponderance of the evidence that the prior conviction was valid, the defendant was the person involved, and the crime would constitute a felony in Minnesota." *State v. Maley*, 714 N.W.2d 708, 711 (Minn. App. 2006).  The district court's determination of a defendant's criminal-history score will not be reversed absent an abuse of discretion. *State v. Stillday*, 646 N.W.2d 557, 561 (Minn. App. 2002), *review denied* (Minn. Aug. 20, 2002).

Minn. R. Evid. 1005 provides the standard for documenting a conviction. *See State v. Griffin*, 336 N.W.2d 519, 525 (Minn. 1983).  Minn. R. Evid. 1005 provides:

The contents of an official record, or of a document authorized to be recorded or filed and actually recorded or filed, including data compilations in any form, if otherwise admissible, may be proved by copy, certified as correct in accordance with [r]ule 902 or testified to be correct by a witness who has compared it with the original. If a copy which complies with the foregoing cannot be obtained by the exercise of reasonable diligence, then other evidence of the contents may be given.

The district court is not required to obtain the certified record of conviction, but may "rely on persuasive evidence that sufficiently substitutes for it." *Maley*, 714 N.W.2d at 712.

**II.    Because the state presented, by a fair preponderance, sufficient evidence of appellant's out-of-state convictions, appellant's criminal-history score was calculated correctly.**

Appellant argues that the state failed to meet its burden of proving appellant's Idaho felony conviction from 1996 and his Virginia conviction and subsequent probation from his September 2012 conviction because it made no effort to obtain copies of the certified records. Appellant further argues that the Idaho "printouts" have no identifying information other than his name to demonstrate that appellant is the perpetrator of the alleged offenses. Appellant, however, does not challenge whether the Idaho crime constitutes a felony in Minnesota. We address each argument in turn.

**A.    The state provided sufficient persuasive documentation of appellant's aggravated battery conviction in Idaho.**

Prior to sentencing, the state provided appellant with a Boise police department report, supplemental report, and a case closing form from Ada County Idaho showing

5

that appellant was charged with aggravated battery in October 1995, convicted, and then sentenced to probation in June 1996.

At the hearing, the state also introduced a printout from the Idaho Court's Repository Case History page showing that in December 1996, the Idaho district court revoked appellant's probation due to a violation and executed his sentence of felony aggravated battery under Idaho code §18-907. The district court concluded that the state proved by a fair preponderance of the evidence that appellant's Idaho felony aggravated-battery conviction was valid, would be defined as a felony under Minnesota law, and constituted a felony-level offense in Minnesota because he was sentenced to prison for five years. In Minnesota, a felony is "a crime for which a sentence of imprisonment for more than one year may be imposed." Minn. Stat. § 609.02, subd. 2 (2014).

Appellant argues that the state failed to exercise reasonable diligence in obtaining a certified copy of appellant's criminal record. Appellant's argument is misguided. Under *Maley*, the state is only required to provide persuasive evidence that sufficiently substitutes for a certified record in order to meet the fair-preponderance standard. 714 N.W.2d at 712. And the state's evidence identifies appellant as the perpetrator of this crime. Therefore, the district court did not abuse its discretion by concluding that the state's evidence was sufficient to prove by a fair preponderance of the evidence that the Idaho felony-aggravated-battery conviction was valid.

**B.     The state provided sufficient persuasive documentation of appellant's DWI conviction and probation status in Virginia.**

The district court found that appellant was sentenced in September 2012 to 36 months of unsupervised probation for the Virginia DWI offense and that he would have been on probation at the time the underlying offense was committed in October 2014. The district court concluded that the evidence presented by the state of the September 2012 DWI conviction and probation violation was sufficient.

Prior to sentencing, the state submitted appellant's memorandum in support of its motion for a downward dispositional departure as evidence of appellant's probation status in Virginia. Appellant's memorandum explicitly acknowledges that he was on probation for a prior DWI conviction

At the hearing, the state provided evidence from the Virginia district court's online case information system. The evidence provided detailed information regarding appellant's DWI conviction in September 2012, including his name, date of birth, and sentence of 365 days of unsupervised probation. *See id.* at 711-12. As such, the district court did not abuse its discretion by concluding that the state proved by a preponderance of the evidence that Stover was convicted of DWI in Virginia and was on probation at the time of the underlying offense.

**III.    The state provided sufficient persuasive documentation of appellant's felony convictions in Oklahoma and Idaho.**

**A.     Appellant's Oklahoma false-personation conviction**

Appellant contends that the state failed to sufficiently establish that his Oklahoma conviction constitutes a felony offense under Minnesota law. More specifically, he

7

argues that the district court abused its discretion by determining that the fingerprint card would be used for criminal prosecutions.[1]

The district court found that the state provided evidence demonstrating that appellant was "convicted for giving a false name at the time of his arrest and signing a [fingerprint] card using a false name." The district court also concluded that appellant was sentenced to 10 years in prison for this conviction, which constitutes a felony-level offense in Minnesota. The district court concluded that the state provided sufficient evidence that appellant had an out-of-state felony conviction for false personation and that the "crime of false personating in Oklahoma is the equivalent of falsely impersonating another in Minnesota."

Prior to sentencing, the state provided a copy of an Oklahoma state district court information document showing that appellant was charged with false personation. At the hearing, the state provided a copy of a judgment and sentence document from Oklahoma state district court. This document showed that in March 2004 appellant was convicted of falsely personating another, which is a felony in Oklahoma, and he was sentenced to a jail term of ten years. *See id.*

---

[1] Appellant further argues that the Minnesota crime charged would have been more appropriately analogized to giving a police officer a false name. But appellant does not provide any legal support for the proposition that a defendant has the ability to select the analogous crime for purposes of calculating his criminal-history score. Moreover, appellant fails to cite a law or provide legal argument as to why the crime of giving a police officer a false name is more appropriate. Issues not briefed on appeal are forfeited. *State v. Butcher*, 563 N.W.2d 776, 780 (Minn. App. 1997), *review denied* (Minn. Aug. 5, 1997).

8

To determine whether the Oklahoma conviction constitutes a felony offense in Minnesota, the elements of the out-of-state crime of conviction must be the same as, or narrower than, those of the generic crime. *See Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). In comparing the two statutes, courts "focus solely on whether the elements of the crime of conviction sufficiently match the elements of [the] generic [crime], while ignoring the particular facts of the case." *Id*. However, when a statute has a more complicated or "divisible structure," which lists elements in the alternative defining multiple crimes, the "modified categorical approach" allows the use of "a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Id*. at 2249; *see also Hill v. State*, 483 N.W.2d 57, 61 (Minn. 1992) (stating that "while the main focus should be on the offense definition, the sentencing court should also consider 'the nature' of the offense and the sentence received by the offender" (quotation omitted)).

Here, the Oklahoma crime must be narrower than the Minnesota crime, which it is. *See Mathis*, 136 S. Ct. at 2248. A person violates Oklahoma law when he falsely personates another, executes an instrument in writing, and has the intent to defraud a third party. Okla. Stat. tit. 21, § 1531(3). A person violates Minnesota law when he falsely impersonates another with the intent to defraud a third party by appearing, participating, or executing an instrument, which is to be used in a judicial proceeding. Minn. Stat. § 609.83(2). The Oklahoma crime matches all of the elements of the Minnesota crime, save for the element that Minnesota requires the instrument to be used in a judicial

9

proceeding. The Minnesota crime is broader because it has a divisible structure where, in addition to executing an instrument to be used in a judicial proceeding, a person can also be guilty by appearing or participating with the intent to defraud a third party. But because the Minnesota crime has a divisible structure listing elements in alternative ways to commit this crime, we therefore look to the standard documents "to determine what crime, [and] with what elements, [appellant] was convicted of." *Mathis*, 136 S. Ct. at 2249

Based on appellant's charging document, he falsely impersonated another with the intent to defraud a police officer when he was arrested and intended to use the fingerprint card he filled out with the false identity in a judicial proceeding, in violation of Minn. Stat. § 609.83(2). We conclude that the elements of the Oklahoma law sufficiently match the elements of the Minnesota law. *See Mathis*, 136 S. Ct. at 2248. As such, the district court did not abuse its discretion by concluding that the state's evidence was sufficient to prove by a fair preponderance of the evidence that Stover's felony false-personation conviction in Oklahoma corresponds to Minnesota's felony law of falsely impersonating another.

### B. Appellant's Idaho misdemeanor convictions

Appellant asserts that the state failed to establish that his Idaho misdemeanor battery and resisting and obstructing convictions did not arise from a single behavioral incident. Appellant therefore argues that the district court abused its discretion in concluding that the state proved by a preponderance of the evidence that the misdemeanor convictions each qualified for an independent misdemeanor unit.

Although appellant asserts that the state must sufficiently establish that his Idaho convictions do not arise from a single behavioral incident, his motion to correct his sentence failed to conform to Minn. R. Crim. P. 27.03, subd. 1(B)(6)(d) (2014). Under rule 27.03, appellant was required to include "the portion of the presentence investigation or worksheet being challenged, and [to] include any affidavits or other documents supporting the motion." Minn. R. Crim. P. 27.03, subd. 1(B)(6)(d); *see also State v. Piri*, 295 Minn. 247, 254, 204 N.W.2d 120, 124 (1973) (requiring Piri to "put into issue any matters presented by the state").

Because appellant's mere assertion of error did not comply with rule 27.03, the burden never shifted back to the state "to produce evidence to establish by a fair preponderance thereof the validity of the prior convictions." *Piri*, 295 Minn. at 254, 204 N.W.2d at 124. Consequently, this issue was never properly presented to the district court, and we decline to consider it on appeal. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988). But even if we were to analyze appellant's argument on its merits it fails. Appellant would still be allocated one point based on his three Minnesota misdemeanor convictions and his Virginia misdemeanor conviction. *See* Minn. Sent. Guidelines 2.B.3 (2014) (stating that four misdemeanor units count as one criminal-history point; where each unit comprises a misdemeanor conviction). Accordingly, even if the district court had excluded the Idaho convictions, appellant's criminal-history score would have remained unchanged. Therefore, we conclude that the district court did not abuse its

11

discretion by concluding that the units assigned to appellant's out-of-state convictions were valid and proved by a fair-preponderance of the evidence.

**Affirmed**.